No. 10,160.

THOMAS SULLY vs. JOS. H. SPEARING.

In this action for slander of title, defendant, by setting up title in himself, converts it into a petitory in which he must be treated as plaintiff carrying the burden of clearly establishing his claim.

Plaintiff showing a title derived from the undisputed owner in 1851, cannot be ousted by

defendant, who claims under a judicial sale made in a proceeding *in rem* in 1852, without clearly proving that the sale and proceeding were of a character to operate a valid divestiture of the property, particularly when the judicial sale was not followed by possession, and when the property had never been assessed or taxed in his name or those of his authors, but had, for a long period, been assessed in the name of plaintiff's authors, and had been possessed and valuably improved by plaintiff without notice of defendant's claim.

APPEAL from the Civil District Court for the Parish of Orleans. Voorhies, J.

Henry P. Dart for Plaintiff and Appellee.

J. Zach. Spearing for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. This is a jactitation suit brought by plaintiff in possession of the immovable in controversy against the defendant who slanders his title.

Defendant answers setting up title in himself and thereby converts the action into a petitory one in which he must be treated as plaintiff. Dalton vs. Wickliffe, 35 Ann. 356.

Both parties present recorded chains of title running back to the same author, Charles Pitts.

Sully's title is derived from a sale by Charles Pitts to M. A. Fortier, passed June 21, 1851.

Spearing's title flows from a sheriff's sale of the same property made in a certain proceeding in a justice's court of the city of Jefferson, entitled "Mayor, Aldermen and Inhabitants of the City of Jefferson vs. Two Lots, Nos. 10 and 11, in Square No. 61 in Faubourg, East Bouligny, assessed in the name of Charles Pitts," which sale was made on October 4, 1852, more than a year after Pitts had sold to Fortier.

In order to avail against the prior conveyance to Fortier, it was of course absolutely essential for defendant to show that the sheriff's sale and the proceeding in which it was made were of a character to operate a valid translation of the property irrespective of the prior transfer.

This he has failed to do. The record of the suit in which the sale was made is lost, and we have no knowledge of its nature or validity, except such as is derived from its mere title as given in the sheriff's deed.

This is clearly insufficient, under the circumstances of this case, where defendant does not show that he or his authors have ever exercised ownership over the property, have ever accepted it, or reduced it to possession, or had it assessed in their names or paid any taxes on

it, and where it further appears that both he and his immediate author acquired under an express exclusion of warranty.

On the other hand plaintiff was in actual possession and had made valuable improvements on the lots, before defendant or his immediate author acquired their unwarranted titles. When plaintiff bought he had no notice of defendant's pretension, and an examination of the records carried his chain of title back to 1851, beyond the longest term of prescription. He further showed that the property had been assessed in the names of his authors at least since 1870 and the taxes paid presumably by them.

We consider that defendant has failed to establish a title *causa idonea ad transferendum dominium*, which he was bound to do clearly and beyond question in order to recover against plaintiff, who is not a mere trespasser, but a possessor in good faith under deeds on their face translative of property. Peck vs. Bemiss, 10 Ann. 160; Coucy vs. Cummings, 12 Ann. 748; Bedford vs. Urquhart, 8 La. 239.

We consider, however, that the case presents no ground for the damages claimed by plaintiff.

Judgment affirmed.