(120 So. 369)

No. 28878.

CAMBAIS et ux. v. DOUGLAS.

Jan. 28, 1929.

Milling, Godchaux, Saal & Milling and Lawrence A. Molony, all of New Orleans, for appellant.

Suthon, Zengel & Daigle and Frank McLoughlin, all of New Orleans, for appellees.

LAND, J. This is an injunction suit, in which plaintiff alleges slander of her title by defendant, and seeks to restrain defendant from interfering with her in the construction of a triplex apartment house on lots 22 and 23, situated in Square 411, bounded by Lopez, De Soto, Gayoso, and Bell streets in the city of New Orleans.

Defendant is a former owner of the lots in question. In the act of sale of the property from defendant to Mrs. Charles A. Skinner, of date September 26, 1922, the purchaser bound herself "to erect on said premises a single residence."

The plaintiff acquired the property from Mrs. Felix P. Godelfer, who purchased same from Charles A. Skinner, the sole heir of his deceased wife.

The obligation of Mrs. Skinner to erect a single residence on the lots is not incorporated either in the deed from Charles A. Skinner to Mrs. Felix P. Godelfer or in the deed from her to plaintiff.

The trial judge held that the restriction in the deed from defendant to Mrs. Skinner was not a real obligation, as contended by defendant, but a personal obligation of the first

purchaser, and was not binding upon the subsequent transferees of Mrs. Skinner. An injunction was issued in the lower court, restraining defendant from further slandering plaintiff's title to the lots and from interfering with her in constructing upon the property a three-apartment residence, or any other building not erected in violation of the law.

From this judgment defendant has appealed.

The present suit was precipitated by the defendant's conduct in forbidding plaintiff to erect a triplex apartment house on her lots, under penalty of suit for all damages that might result from the breach of the restriction contained in the deed from defendant to Mrs. Skinner.

Defendant contends that the restriction in the deed of Mrs. Skinner was a material consideration of the contract of sale, as the property sold to her is in the same block, across the street from the residence of defendant, and he refused to sell the lots to her, except on the condition that only a single residence should be erected thereon.

Defendant further contends that the obligation of Mrs. Skinner is binding upon her, her heirs, assigns, and vendees; and therefore is obligatory upon the plaintiff in the present suit. Defendant's contention, in effect, is that the obligation assumed by Mrs. Skinner subjected the lots to a real condition, binding upon subsequent purchasers.

Even if the contention of defendant be true as to the consideration of the sale, the obligation assumed by Mrs. Skinner is purely a personal one, since in the deed "she binds herself to erect on said premises a single residence." This is the full extent of her obligation; no more and no less.

By her agreement with defendant, Mrs. Skinner obligated herself to him *to do* a certain thing, expressed in the agreement. R. C. C. art. 1761.

"A personal action lies against him who has bound himself towards another, personally and independently of the property which he possesses." C. P. art. 26.

An obligation to build a house is a personal one only, and does not bind the subsequent transferees of the property, who are not parties to the agreement.

In binding herself to construct a single residence on the property, Mrs. Skinner by no means entered into an obligation that her assigns should not erect a duplex or triplex on the premises. Hers was an obligation to do a certain thing, and not an obligation to refrain from doing some other thing. The obligation she assumed was not a prohibitive one, but strictly one of specific performance, and limited to her and her heirs.

"No one can, by a contract in his own name, bind any one but himself or his representatives." R. C. C. art. 1889.

2. "Real obligations may be created in three ways:

"(1) By the alienation of immovable property, subject to a real condition, either expressed or implied by law.

"(2) By alienating to one person the immovable property, and to another, some real right to be exercised upon it.

"(3) By the creation of a right of mortgage upon the immovable property.

"All these contracts give rise to obligations *purely real* on the part of those who acquire the land, under whatever species of title they possess it; *they are not personally liable, but the real property is*, and, by abandoning it to the obligee, they relieve themselves from all responsibility. [Italics ours.]

"A sale subject to a rent charge, or to a right of redemption as consideration of the sale, are examples of the first kind of obligations; servitudes, the right of use and habitation and usufruct, are examples of the second; and the several kinds of mortgages, and the creation of rent charge, of the third." R. C. C. art. 2012.

It cannot be seriously contended that the obligation assumed by Mrs. Skinner to build a single residence on the premises created either a mortgage or a rent charge on the property. Nor can it be asserted successfully that a sale conveying property in fee simple for a consideration of $4,600 in cash, as in the present case, created merely servitudes, such as the right of use and habitation and usufruct. Nor can such a sale be considered at all as an alienation subject to a rent charge or to a right of redemption, as consideration of the sale. Besides, the obligation of Mrs. Skinner did not create any privilege or lien on the property in favor of defendant.

Therefore the contention of defendant that the restriction in the deed from him to Mrs. Skinner subjected the property conveyed to a real condition, binding upon subsequent transferees, is not well founded, in our opinion.

In this connection, it must be considered, also, that defendant at one time owned or controlled a number of lots in the square in which plaintiff's lots are situated. Not one of the deeds to these lots, except the deed of Mrs. Skinner, contains any obligation to erect a single residence. Nor do any of these deeds prohibit the erection of a duplex or a triplex upon the property acquired by the purchaser. As a matter of fact, plaintiff's lots lie between two lots, on one of which is erected a triplex and on the other a duplex. There is still another duplex across Lopez street, on which the lots of plaintiff front. This duplex is located on the second lot above defendant's residence, which is at the corner of Lopez and Bell streets.

It is clear, therefore, that defendant's intention has not been to charge, under a general development plan, the various lots sold by him with a real obligation binding upon

subsequent purchasers, as to the kind or style of residence to be erected on the property.

The obligation to erect a single residence on the property, dictated by defendant into the deed from him to Mrs. Skinner, is an isolated case only. That such obligation is purely personal upon the part of Mrs. Skinner is apparent.

3. The exception of no cause of action filed by the defendant was referred to the merits, and was overruled by the judgment of the lower court, which restrained defendant from further slandering plaintiff's title, and from further interference with the construction of a triplex upon plaintiff's lots.

■ A decree enjoining a person from reasserting title to the property involved is in reality one decreeing the plaintiff to be the owner of the same, though it may not so declare in express terms. Chadwick v. Improvement Co., 49 La. Ann. 757, 22 So. 237; Heirs of Delogny v. Mercer, 43 La. Ann. 209, 8 So. 903.

■ In his answer defendant denies the possession of plaintiff. He admits that he wrote the letters annexed to plaintiff's petition, and which slander plaintiff's title, but accompanies such admission with an averment of his own title. In such case, it is well settled that the court may proceed to investigate the title in the same action, which is converted, by defendant's claim of title into a petitory action, in which the onus is upon the defendant to stand upon the strength of his own title and to maintain it. Sully v. Spearing, 40 La. Ann. 558, 4 So. 489; McConnell v. Ory, 46 La. Ann. 564, 15 So. 424; Remick v. Lang, 47 La. Ann. 914, 17 So. 461.

■ Besides, Act 38 of 1908 has created a special action to try title, where neither party is in physical possession. Whether plaintiff alleged or proved sufficient actual possession to maintain an action in jactitation is therefore immaterial.

Judgment affirmed.