29  495
f116  666

No. 987.

SUCCESSION OF J. B. GUILLORY.   OPPOSITION OF HEIRS.

Parol evidence is admissible to explain, but not to vary a written instrument.
Slaves given to children by a father, or mother, having been destroyed without their fault (by the late war between the States) are not subject to collation. C. C. 1250.

APPEAL from the Parish Court, parish of St. Landry.   *Reid*, J.

*Lewis & Brother*, for succession and appellee.
*A. Bailey* and *Joseph M. Moore*, for the heirs.

The opinion of the court was delivered by

MANNING, C. J.   Jean Baptiste Guillory died in 1875.   His administrator has filed an account and tableau of distribution, which is opposed by some of the heirs.

In 1860 the decedent and his wife made a donation by notarial acts to six of their children—to each one a slave valued at eighteen hundred dollars and a small sum of money—and the donors declared that the gift

is made as an advance upon their inheritance, à titre d'avancement d'hoirie, and imposes upon them the obligation of collating it. The donees accept without reserve. In some of these acts the donation is in form of money, but they were accompanied or followed by other acts in which the donor appears in the character of vendor of the slave, receiving from the donee (who is vendee therein) the price in money, which is a part of the sum just donated.

In 1872 the donor by notarial act declared that all of these donations were in reality of slaves, valued in the sum above mentioned, and that they are to be considered null and void, and that the conditions and requirements therein mentioned "be considered as if no donations had been made, as the property donated proved to be useless to the donees on account of the emancipation thereof."

In the following year the decedent and his wife made another formal notarial act of explanation, renunciation, and discharge in favor of their children, the recitals and declarations of which are in accord with those previously made. This act appears to have been executed out of abundant caution, in order that the real intent of the parties may not be left in doubt, and contains the renewal in even more explicit words of the release of the children from the obligation of collating any thing but the money actually received by them.

Shortly after the death of Guillory, viz.: in 1876, his heirs by notarial act of partition treated his estate as a common inheritance, in which all had an equal share, by dividing equally among themselves the cash on hand, and they all agreed to give the surviving widow twelve hundred dollars in consideration of her release of her claims in community.

The administrator effectuates these intentions of his intestate in the account now attacked, and distributes the funds in accordance with them. The opponents maintain that the heirs should be charged with the full amount of the donations, which of course includes the value of the slaves.

The administrator answered the oppositions, and objection was made to his filing the answer on the ground that it was a replication, which our system of pleading does not permit. The objection was good; but we must confess that the statement in that answer of the basis upon which the account is made places the issue in bolder relief, and enables us to seize the salient points of the contestation with more readiness. If it had been incorporated in the petition accompanying and presenting the account the same useful purpose would have been served, and it would have been relieved of the objection to its form and to the place assigned it in the pleadings.

The refusal of the administrator to charge the heirs, who were donees of the slaves, with their expressed value is based upon the inhibition of

the constitution against enforcing contracts for the sale of slaves, and the jurisprudence of the State, which is claimed to be settled by numerous decisions of this court. The opponents reply that these donations were executed contracts, by and under which the donees became owners of the slaves, and *res perit domino.*

Parol testimony was offered and received to support the recitals in these donations, to which objection was made upon the ground that such testimony was not admissible to vary or contradict the written instruments. But the object of the testimony was not to vary or contradict the recitals in the written instruments, but rather to elucidate and explain them. Indeed, these written instruments taken together explain themselves and do not leave the intentions of the donors in doubt.

The opponents then maintain that the money or property given to these children must be collated unless the donor has formally expressed his will that what he thus gave was an advantage or extra part, and that the contrary was expressed by the donor in these acts, and that if upon calculation of the value of advantages thus given, and of the other effects of the succession, such remaining part shall prove insufficient to give to the other children their legitimate portion, the donee would then be obliged to collate the sum received by him so far as necessary to complete such portion. Civil Code, articles 1309, 1312 (new Nos. 1231, 1234).

We think another provision of our Code furnishes the true clue to the solution of the present controversy, and that is the provision that immovable property given by a father, mother, or other ascendant to one of their children or descendants, which has been destroyed by accident while in the possession of the donee, and without his fault, previous to the opening of the succession, is not subject to collation. If, on the contrary, it is by the fault or negligence of the donee that the immovable property has been destroyed, he is bound to collate to the amount of the value which the property would have had at the time of the opening of the succession. Civil Code, art. 1328 (new No. 1250).

The property donated by this decedent and his wife to their children perished by the accident of war, and without their fault, and is not therefore subject to collation, and the omission of the administrator to charge them with its value was right and proper.

This disposes of the main issue in this case. The other objections made by the opponents to the account were considered by the judge of the court *a qua*, and correctly disposed of by rejecting some of them and amending the tableau in conformity with others. The judgment thus rendered is in accordance with the law and the evidence; and

It is therefore affirmed, the costs of this court to be paid by the opponents.

32

Succession of Guillory.

### On Application for Rehearing.

The opinion of the court was delivered by

MANNING, C. J. The opponents in applying for a rehearing urge upon us the fact that the obligation of the donees was fixed by the law in existence at the time of the act of donation, and seem to suppose that our judgment was affected by or based upon the change in our laws relative to property in slaves. This was not in our minds. We purposely divested the question of whatever influence that change in the law might have had in the absence of that provision of our Code which controlled our judgment.

The article 1328 of the Civil Code (new No. 1250) was a part of the law at the time the act of donation was passed, equally with those relating to collation cited by opponents in their application for rehearing. It was unnecessary for us to go into an examination of the effect had upon contracts by the changes in our laws relative to slaves, so far as they formed part of the consideration of such contracts.

Independent of these changes, and independent of the provisions concerning collation of the different kinds of property, there is that in article 1328 that imperatively prescribes that immovable property given to one of the children, that has been destroyed by an accident without his fault, is not subject to collation at all, and because the property donated in the case before us had been thus destroyed, we decided that it should not be collated.

The rehearing is refused.