(116 So. 851)

No. 28851.

SCHWING LUMBER & SHINGLE CO., Limited, et al. v. ARKANSAS' NAT. GAS CO. et al.

April 9, 1928. Rehearing Denied May 7, 1928.

Story & Phillips and Dimick & Hamilton, all of Shreveport, for appellants.

Burke & Smith and F. E. Delahoussaye, all of New Iberia, for appellees.

ROGERS, J. In the month of December, 1921, plaintiffs and Pierre Molbert executed an act of exchange, whereby the former acquired a quarter section of land in the parish of Iberia, and the latter acquired two lots of ground in the parish of St. Martin. Molbert sold the land he had thus acquired to one J. R. Munce, who, in turn, sold it to the Arkansas Natural Gas Company, Limited, and the Transcontinental Oil Company. Subsequently, it developed that Molbert, contrary to his belief, was not the owner of the property transferred by him in the act of exchange, because it was swamp and overflowed land, the selection of which by the state of Louisiana had been rejected for lack of sufficient evidence. On December 26, 1926, plaintiffs, alleging error of fact and failure of consideration, filed this suit against Pierre Molbert, J. R. Munce, Arkansas Natural Gas Company, Limited, and the Transcontinental Oil Company for the annulment of the contract of exchange entered into between them and Molbert, and praying to be reinvested with title to, and possession of, the land transferred to their coexchanger, free of all incumbrances or alienations of whatever nature. Judgment was rendered in favor of plaintiffs, and all the defendants except Pierre Molbert have appealed.

The provisions of the Civil Code relative to the contract of sale apply to the contract of exchange. Civ. Code, art. 2667. Plaintiffs argue, therefore, that they are entitled to relief through the resolutory condition implied in a contract of sale and recognized in the codal articles 2046 and 2561, declaring that, if the vendee fails in his engagements or defaults in the payment of the purchase price, the vendor may sue for the dissolution of the sale. They argue, also, that their right to such relief is in no man-

ner abridged because the property has passed from their transferee into the hands of third persons.

Whatever might be the force of plaintiffs' argument concerning a state of facts to which it would be indisputably applicable, there are circumstances in this case which render it unavailable here. The underlying principle on which the contention is based is, that until the vendee pays the purchase price he holds by a defeasible title only, and all who deal with him are equally affected. See Ragsdale v. Ragsdale, 105 La. 409, 29 So. 906. The principle applies to third persons, however, only in those cases where the instrument itself places them upon notice that the purchase price is not wholly paid. There is nothing in the act of exchange between the plaintiffs and Molbert to put appellants on notice of Molbert's lack of title to the land conveyed by him. On the contrary, the recitals of the act show that the properties exchanged were of equal value, and their respective deliveries were acknowledged by the contracting parties. The transaction was complete in itself. Nothing further was to be paid, given, or done. At the time the act of sale was executed from Molbert to Munce, the property conveyed was unincumbered, and Molbert appeared on the public records as its sole owner. Third persons had the right to deal with it on the faith of the records.

"Neither fraud, nor want of consideration, nor secret equities between the parties, who have placed on the public records a title valid upon its face, can be urged against the bona fide purchaser for value, who has acted on the faith of such recorded title." Cole v. Richmond, 156 La. 275, 100 So. 419, 423, and authorities cited.

"One who has signed a deed transferring an immovable cannot set up against a third party, who has acquired on the faith of the records, title, that he signed the deed in error, * * * as things outside of the deed cannot be pleaded against such third persons." Gonsoulin v. Sparrow, 150 La. 103, 90 So. 528, and authorities cited.

Under Civ. Code, art. 2663, plaintiffs would have had the choice either to sue for damages or to rescind the act of exchange if the property had remained in the possession of their coexchanger. Since he has sold it, however, their sole remedy is an action for damages against him.

For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that the demands of plaintiffs and appellees be rejected, at their costs.