(123 So. 625)

No. 28230.

MILLER et al. v. UTLEY–HOLLOWAY SAW-MILL CO., Inc.

June 17, 1929. Rehearing Denied July 8, 1929.

G. P. Bullis, of Vidalia, for appellants.

W. M. Murphy, of Tallulah, and Dale, Dale & Dale, of Vidalia, for appellee.

ST. PAUL, J. This is a controversy over the title to the southeast quarter of section 23, township 10 north, range 9 east, in Tensas parish. Both parties claim title to the whole of said quarter section. The district judge found, and so do we, that neither party was in physical possession of the land, and that both parties were in constructive possession thereof under deeds covering the whole thereof. Under such circumstances the court must decide which has the better title. Act No. 38 of 1908.

The trial judge found that the defendant had the better title to the whole of the land and rendered judgment accordingly. Our conclusion is that each of the parties has a title to one undivided half of the land, and our decree will read accordingly.

## I.

Originally Richard L. Smith and James Payne acquired from the government the whole of the south half of said section 23. In 1843 Payne sold his undivided half interest to James M. Smith; in 1853 Smith sold the same to William J. Briscoe; in 1871 Briscoe sold to Wm. Durbridge, from whom defendant derives title by mesne conveyances. The defendant's title to an undivided half of the southeast quarter of said section 23 is therefore beyond dispute.

## II.

In 1850 the succession of Richard L. Smith sold his half interest in the south half of said section 23 to Thomas Armat; in 1854 the succession of Thomas Armat sold said half interest to Mrs. Samantha Harper. In 1857 Mrs. Samantha Harper, who was then the owner of an undivided half of said south half of section 23, effected a partition of said lands with one *John Tullis*, by which each of said parties recognized that the other was an undivided half owner in said lands, and thereupon partitioned the same in kind, Mrs. Samantha Harper taking the southwest quarter and *John Tullis* taking the southeast quarter (the land now in controversy), and each of them conveyed to the other all his right, title, and interest in and to the portion set aside to that other.

## III.

At the time of this partition (1857), it does not appear from the records that *John Tullis* had any title to any part of the south half of said section 23. On the contrary, so far as the records show, Wm. J. Briscoe was still the owner of an undivided half of said south half of section 23. This partition, therefore, did not, and could not, affect his (Briscoe's) half interest in the southeast quarter of section 23; and that half interest passed, as aforesaid, by mesne conveyances, to the defendant.

## IV.

On the other hand, the partition was not an absolute nullity, for it apparently

vested title in John Tullis to the *whole* of the southeast quarter of section 23, and was regular and formal on its face. Therefore it cannot at this time be attacked by the heirs or assigns of Mrs. Samantha Harper, inasmuch as the property has now passed into the hands of third persons even though she did not receive any consideration for her deed, (1) Because it was not an absolute nullity on its face and was cured by the prescription of five years under Rev. Civ. Code, arts. 1413, 3542, and Hamilton v. Hamilton, 130 La. 302, 57 So. 935; and (2) because parties purchasing on the faith of the public records were protected thereby. Schwing Lumber & Shingle Co. v. Arkansas Natural Gas Co., 166 La. 201, 116 So. 851; Hamilton v. Hamilton, 130 La. 302, 57 So. 935.

Accordingly so far as the records showed *John Tullis* was the owner of all the interest of Mrs. Samantha Harper in the southeast quarter of said section 23, and parties thereafter purchasing had a right to rely on the faith of those records. Of course they could acquire only the half interest of Mrs. Harper, and not the interest of Briscoe; which, as we have said, has passed to the defendant.

### V.

The half interest of Mrs. Samantha Harper which thus passed to *John Tullis*, has been acquired, through mesne conveyances, by plaintiffs. One half of said undivided half was sold in the succession of *Sarah Tullis*, his wife; the other half was sold under foreclosure proceedings against *John Tullis*. Some complaint is made by defendant of the sufficiency of the description under which the property was sold in said foreclosure proceedings. But, aside from the fact that defendant, who is not in physical possession and will receive all it has title to, has no interest in that matter, we think the description was sufficient. What was mortgaged and sold was "a certain cotton plantation upon which said John Tullis resides" and the evidence abundantly shows that said section 23 was always looked upon as a part of said plantation.

### VI.

We have already said that neither party was in physical possession of said lands. Plaintiffs and plaintiffs' authors cut a little firewood from the land, but, in point of fact, the principal possession of both plaintiffs' and defendant's authors was the constructive possession which both had by reason of said lands being considered part of their respective adjoining plantations. The fact that some fifteen years before the filing of this suit the plantation of defendant's authors was divided by the sale of this quarter section to defendant does not alter the situation, since defendants succeeded to the same constructive possession which their authors had. Ellis v. Prevost, 13 La. 230; Rev. Civ. Code, art. 2479.

### Decree.

For the reasons assigned, the judgment appealed from is therefore reversed, and it is now ordered that plaintiffs be, and they are now, recognized as owners of one undivided half of the southeast quarter of section 23, township 10 north, range 9 east, parish of Tensas, and that defendants be recognized as owner of the other undivided half thereof; the defendant to pay all costs of both courts.