## STRANGE et al. v. ROBINSON et al.
### No. 5837.

Court of Appeal of Louisiana.
Second Circuit.

March 31, 1939.

Rehearing Denied April 28, 1939.

Chandler & Chandler and H. M. Holder, all of Shreveport, for appellants.

Coleman & Morgan, of Shreveport, for appellees.

HAMITER, Judge.

The heirs and the widow in community of Mitchell Strange, deceased, instituted this suit against Robert Edward Robinson and A. E. Rich. They seek cancellation of certain instruments that recite the conveyance to Robinson of an undivided one-half interest in and to 71.5 acres of land situated in Caddo Parish, Louisiana, which they executed in favor of said Robinson; and also the cancellation of a deed signed by Robinson in favor of said Rich covering 15/71st of the oil, gas and other minerals in and under and that may be produced from said land.

According to the brief of their counsel, "Plaintiffs contend that no consideration inured to them by virtue of the deed to

Robinson because the sole consideration recited was the representation of them by Robinson in matters which constituted the practice of law. Plaintiffs' contention is that the consideration recited as inuring to them was an illegal consideration and, consequently, no consideration at all because Act No. 202 of 1932 prohibits the practice of law by any person who is not licensed so to do; that since the service to be performed by Robinson, under the Act as interpreted by the Courts of this State constituted the practice of law, that the only consideration flowing from Robinson was an illegal one. Plaintiffs further contend that Mr. Rich was required to examine the public records and had he done so that he would have ascertained the fact that the only consideration inuring to plaintiffs from Robinson was illegal."

Both defendants tendered exceptions of no cause and no right of action. These were overruled.

No appearance was made by Robinson and a default judgment was regularly rendered against him annulling and cancelling the instruments executed by plaintiffs in so far as he was concerned. The court decreed, however, that "the rights of both plaintiffs and A. E. Rich, defendant herein, be reserved in order that issues existing between plaintiffs and said defendant may be adjudicated in any court of competent jurisdiction."

The defense made by Rich is that he was a bona fide purchaser for value of the aforementioned mineral interest.

■ Trial of the case on the issues that existed between plaintiffs and Rich was had and there was judgment in favor of the latter. Plaintiffs appealed. No appeal was prosecuted by Robinson, and the judgment as against him is not before us for review.

Defendant Rich departed this life after the trial of the case, and there has been a proper substitution of parties in his stead.

On May 13, 1936, the plaintiffs and defendant executed a notarial act in which they declared that,—

"Whereas, First Parties own, in indivision, the following described property, situated in Caddo Parish, La., to-wit:

\*  \*  \*  \*  \*  \*  \*

"And whereas, it will be necessary to institute legal actions in order to clear the title to portions of said tract and secure instruments from various parties to clear said property of defects in title, and also that it will be necessary to have a tutrix appointed to the minors of Lillia Belle Jones, nee Strange, now deceased, and the aforesaid Bammer Strange, being the grandmother of said minors, and the preferred tutrix, and agreeing herein to be appointed as such, in order that she may legitimately act for said minors, insofar as their deceased mother's interest is concerned; and the First Parties are desirous of obtaining the services of Robert E. Robinson, Second Party, to take the necessary steps to accomplish the desired results;

"Now therefore, said First Parties do hereby retain and employ the aforesaid Robert E. Robinson, Second Party, as their agent, to appear and act for them in connection with all proceedings necessary to have said property cleared of clouds on the title thereof, and to set aside all deeds that may act as a cloud thereon, or any thing that would becloud the title thereto, and the said Robert E. Robinson, Second Party, has agreed and do by these presents agree to so act.

"It is agreed that, for his services and past services in connection with the aforesaid matter, the said Robert E. Robinson shall have an undivided one-half (½) interest in and to all of the above described property, which shall include mineral rights, etc., and the aforesaid parties of first part, or first parties, do by these presents, grant, bargain, sell, convey and deliver, with full guarantee of title, and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed to him, which is the following described property, to-wit:

\*  \*  \*  \*  \*  \*  \*

"It being also the intention herein to convey, besides the fee, one half of all minerals including oil, gas and other minerals, in and under and that may be produced from said tract.

"It is agreed by and between the parties hereto that the said Robert E. Robinson, may retain and employ an attorney to take the necessary legal actions in connection with the clearance of title on said property, and he is hereby given the power to enter into any contract relative thereto with said attorney which he may consider for the best interests of First Parties, the said first parties hereby giving and granting to their said agent, Robert E. Robin-

son, husband of Johnnie Lee Robinson, nee Krause, full power and authority to do and perform all and any acts whatsoever requisite and necessary to be done in the premises, as fully to all intents and purposes as they might or could do if personally present, hereby ratifying and confirming all that their said agent may lawfully do by virtue hereof.

"It is agreed by the First Parties that the said Robert E. Robinson, their agent, shall have the power to execute, in their behalf, any and all acts or deeds of conveyance, or leases, or mineral sales, or compromises in connection therewith, which he may deem necessary in order to accomplish the desired results in clearing the title to the aforesaid property."

The last referred to instrument was recorded in Volume 351, page 542, of the Conveyance Records of Caddo Parish, Louisiana, on the date of its execution.

On May 14, 1936, Veolia Dotson and Hattie Fisher, two of the plaintiffs herein, appeared before a notary public and two witnesses and signed the following declaration:

"Notice is hereby given to the Public by the undersigned that they hereby revoke the power of attorney executed May 13th, 1936, in which act Robert E. Robinson is appointed as their agent.

"Further notice is hereby given to the public that said power of attorney was executed by the undersigned through errors of facts.

"Further notice is hereby given to the public that the attempted transfer of rights, titles and interests in and to the lands attempted to be described therein is claimed by the undersigned to be null and void, without consideration, and is claimed by them as their own property."

Recordation of said act of revocation was made in Book 351, page 596, of the aforementioned records, on May 15, 1936.

All of the plaintiffs, except Hattie Fisher, executed a ratification deed on May 15, 1936, in which it is declared that they "do by these presents grant, bargain, sell, convey and deliver, with full guaranty of title and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed" unto the said Robinson an undivided one-half interest in and to the above mentioned 71.5 acres of land. This deed, which was recorded May 16, 1936, in Book 351, page 655, of said records, further provides:

"It being the intention of the vendors herein to correct the description in that certain instrument dated May 13th, 1936, and recorded in Book 351, Page 542, Records of Caddo Parish, Louisiana, and the same consideration expressed therein is the consideration of this instrument. Affiants hereby ratify said instrument.

"The said Herton Jones, Juanita Jones, and Lottie May Jones, appearing herein to ratify the said instrument as recorded in Book 351, page 542 of the Records of Caddo Parish, Louisiana, and authorize the said Robert E. Robinson to act as their agent, and authorize him to enter into any contract relative to the clearance of title to the above described property, and hereby ratify and confirm all acts their agent may lawfully do by virtue of this instrument."

The assailed mineral deed from Robinson to Rich was dated December 1, 1936, and recorded the following day. It provides for the conveyance of a 15/71st mineral interest in said land as before stated, and declares that "it is the intention of the parties to convey 15 royalty acres only."

The uncontradicted testimony of defendant Rich is that he was not acquainted with Robinson when the minerals were bought; that his purchase was made through one Ross Gatling, a scout whom he had previously patronized; that he had no dealings whatever with Robinson and did not know if the latter was a lawyer; that he paid $375 in cash for the interest; and that neither he nor an attorney at law examined the title to the property before the purchase was made.

The law of Louisiana with reference to the rights of a bona fide purchaser for value of immovables is well stated in the case of Cole v. Richmond, 156 La. 262, 100 So. 419, 423, as follows:

"The conveyance records are the only thing to which one dealing with real estate needs to look, under the repeated decisions of this court, nor can innocent third persons purchasing upon the faith of the public records be bound by any knowledge except such as is disclosed by such records. Baird v. Atlas Oil Co., 146 La. [1091] 1099, 84 So. 366; McDuffie v. Walker, 125 La. [152], 167, 51 So. 100; Waller v. Colvin, 151 La. [765] 772, 773, 92 So. 328.

"Neither fraud, nor want of consideration, nor secret equities between the parties, who have placed on the public records a title valid upon its face, can be urged against a bona fide purchaser for value, who has acted on the faith of such recorded title. Broussard v. Broussard, 45 La. Ann. 1085, 13 So. 699; Fletcher v. Peck, 6 Cranch 87, 3 L.Ed. 162; Succession of Guillory, 29 La.Ann. 495; Chaffe v. Ludeling, 34 La.Ann. [962], 967."

The argument is presented by plaintiffs' counsel that a duty devolved upon Rich to make or cause to be made an examination of the property's title, and that had such been done he would have noticed that the act under which his vendor claimed stipulated an illegal consideration and was null and void. Assuming arguendo that such a requirement on Rich's part existed, and that he is charged with knowledge of the contents of that instrument of conveyance, as ratified, the question then arising is whether or not Robinson's deed is invalid on its face. If it is, and in view of the mentioned assumption, Rich is bound by such apparent invalidity and cannot claim the rights of a bona fide purchaser for value.

Act No. 202 of the Regular Session of 1932 defines and regulates the practice of law in the State of Louisiana, and stipulates penalties for the violation of its provisions. Section 1 thereof states: "That except as provided in Section 7 of this Act, only a natural person duly and regularly licensed and admitted to practice law by the Supreme Court of this State and partnerships formed for the practice of law and composed entirely of natural persons duly and regularly licensed and admitted to practice law by the Supreme Court of this State, shall have authority to practice law."

It is provided in Section 2 of that Act,—

"That the practice of law is hereby defined as follows:

" (a) In a representative capacity, the appearance as an advocate, or the drawing of papers, pleadings or documents, or the performance of any act in connection with proceedings, pending or prospective, before any court of record in this State; or

" (b) for a consideration, reward or pecuniary benefit, present or anticipated, direct or indirect,

" (1) the advising or counseling of another as to secular law, or

" (2) in behalf of another, the drawing or procuring, or the assisting in the drawing or procuring of a paper, document or instrument affecting or relating to secular rights, or

" (3) the doing of any act, in behalf of another, tend to obtain or secure for such other the prevention or the redress of a wrong, or the enforcement or establishment of a right, except, without resort to court proceedings, the enforcing, securing, settling, adjusting or compromising of defaulted, controverted or disputed accounts, or claims. Nothing in this section shall be construed to prohibit any person, firm or corporation from attending to and caring for his or its own business, claims or demands; nor from preparing abstracts of title, or certifying, guaranteeing or insuring titles to property, real or personal, or an interest therein, or a lien and encumbrance thereon; or from performing as a notary public any act necessary or incidental to the exercise of the powers and functions of the office of notary public."

Section 7 of the statute, which is referred to in the aforequoted section 1, is not applicable to the instant case.

Plaintiffs contend that the service contracted to be rendered by Robinson, which is described in the instrument in question, was the only consideration for the purported conveyance and constituted the practice of law; and as he was not licensed to practice law in this state, his rendering of the proposed service was prohibited by the aforementioned statutory provisions and the recited consideration was illegal.

In our opinion the conveyance act as ratified, in so far as Rich is concerned, must be viewed as being valid on its face. Therein Robinson was appointed plaintiffs' agent to represent them in connection with the clearing of the title to their property. It does not appear that he proposed to personally perform the required legal work, and he is not referred to as a lawyer. On the contrary, the contract inferentially shows that Robinson was no lawyer, this being by way of the specific provision that he "may retain and employ an attorney to take the necessary legal actions in connection with the clearance of title on said property, and he is hereby given the power to enter into any contract relative thereto with said attorney which he may consider for the best interests of first parties * * *." The

document seems to be a letter of attorney or mandate. Such "is an act by which one person gives power to another to transact for him and in his name, one or several affairs." Civil Code, article 2985. The transaction of affairs through agents is approved by the substantive law and jurisprudence of Louisiana. Furthermore, remuneration for the service of a mandatory may be stipulated. Gurley v. City of New Orleans, 41 La.Ann. 75, 5 So. 659; Succession of Henry, 115 La. 874, 40 So. 253. Ofttimes real estate owners find it inconvenient to personally attend to matters affecting their properties and they delegate to others, through mandates, the authority to represent them in such cases and stipulate compensation for the services rendered. This authority may include the power to obtain a clearance of titles, the execution of necessary deeds and other acts, and even the employment of lawyers. The language of the instrument involved in this proceeding conveys the impression to a person unfamiliar with the facts and circumstances attending its execution that nothing more than a mandate coupled with an interest was intended by the parties.

Of course, Robinson, while acting pursuant to the authority granted him, may have performed services that amounted to the practice of law and were in violation of the provisions of the aforementioned statute. If such was done, and this we do not determine, he is subject in a criminal proceeding to the penalties stipulated in the statute. However, the instant case does not concern the matter of Robinson's criminal liability, if any, but involves the right of Rich, a third person, purchasing on the faith of the public records. The latter is bound only by the disclosures in Robinson's deed, and that instrument, considered alone, does not clearly reveal that the contracted service contravened the provisions of said Act 202 of 1932. This legislation is penal in nature and must be strictly construed.

Next to be determined is the question: What was the effect of the above quoted revocation act signed by Veolia Dotson and Hattie Fisher under date of May 14, 1936?

This instrument described no property and merely made reference to "the power of attorney executed May 13, 1936, in which act Robert E. Robinson is appointed as their agent." By reason of its indefiniteness in the mentioned respect,

a doubt exists as to its being binding on third persons. But even if Rich was bound thereby, it was of effect as to him only with respect to the interest of Hattie Fisher; for Veolia Dotson, the other party thereto, executed the deed of May 15, 1936, which ratified Robinson's original contract. Hattie Fisher's interest in the entire 71.5 acres amounted to 1/16th thereof. The portion conveyed to Robinson by all of the other plaintiffs was sufficient to permit the latter to transfer the 15/71st mineral interest that Rich's deed recited.

It is our conclusion that Rich was a bona fide purchaser for value, and is entitled to the protection that the law affords persons occupying that status.

Accordingly, the judgment is affirmed.