**59 So.2d 827**

## TREAT v. OSTROM.

### No. 40521.

June 2, 1952.

Henry G. Hobbs, Minden, for defendant-appellant.

John B. Benton, Jr., Minden, for plaintiff-appellee.

FOURNET, Chief Justice.

This appeal was submitted without argument, and presents for our consideration the validity of an instrument under private act, duly recorded, dated October 21, 1936, executed by Mrs. Rosa Herrick Maynor and her three children, Anna, Argen, and M. R. (Romie) Herrick, to effect an amicable partition of 460 acres of land held by them in indivision, she as surviving widow in community of A. J. Herrick and they as his sole legal heirs, in which the 80 acres here in contest (NE ¼ of SW ¼, Sec. 34, and SE ¼ of SW ¼, Sec. 35, T. 23 N., R. 10 W., Webster Parish) were allotted to Romie Herrick.

Both claimants trace title to a common ancestor, A. J. Herrick. The plaintiff, Frank B. Treat, Sr., who acquired his title by mesne conveyance from Webster Investment Corporation, the purchaser in 1946 at foreclosure sale on a mortgage executed on the property by Romie Herrick, instituted this suit to establish title under the provisions of LSA–R.S. 13:5062 (formerly Act 38 of 1908), neither party being in possession. The defendant, L. E. Ostrom, contending that Romie Herrick never acquired any interest in the 80 acre tract allotted to him in the partition since he had previously, on October 15, 1925, conveyed to his mother, Mrs. Rosa Herrick Maynor, by recorded deed, "his undivided one-sixth interest in and to" the 460 acre tract comprising the estate of his father, and had never reacquired same, asserted the superiority of his own title through deed of January 12, 1950—executed after the death of Mrs. Rosa Herrick Maynor and the partition of her estate—by three of her heirs, Anna Herrick, Argen Herrick, and J. W. Maynor, child of Mrs. Herrick's second

marriage, conveying to him certain lands, including the 80 acres in contest here.

The case was submitted to the lower court on the recorded titles, without other evidence. There was judgment in favor of the plaintiff, sustaining his special pleas of prescription of five years for the rescission of partitions, and of estoppel as a third party who bought on the faith of the public records; and the defendant appealed.

The defendant contends that the lower court erred in treating the instrument of October 21, 1936, as a partition and in applying the law of partition thereto, because (1) title to immovable property cannot be conveyed by partition and a necessary prerequisite to such action is an ownership of interest in the property—citing LSA–C.C. Article 1320 and jurisprudence supporting that legal principle; and (2) it must be treated as a donation to Romie Herrick of his original interest in the property; but as such it is null and void for want of proper form, citing LSA–C.C. Article 1536, and jurisprudence thereunder. He argues further that the plea of estoppel was improperly sustained since one cannot be divested of title to property by estoppel—citing Sun Oil Co. v. Smith, 216 La. 27, 43 So.2d 148.

It should be noted that there is no attack on the competency of the parties nor allegation of fraud or error, and the instrument, in all formal aspects regular and valid on its face, was duly recorded. More-over, following the death of Mrs. Rosa Herrick Maynor, the 220 acres allotted as her portion in the 1936 act were partitioned among her four heirs, three of whom (Anna, Argen and Romie) were parties to the original instrument. Not only does it appear, therefore, that the persons who would have had an interest in urging defects in the original partition actually recognized and gave effect to the act here attacked, but the date of the second partition, March 7, 1942, shows that this took place some eight years before the defendant acquired his title from three of the heirs who were parties thereto (Anna and Argen Herrick and J. W. Maynor).

The prescription of five years invoked by the plaintiff is incorporated in Articles 1413 and 3542 of the LSA–Civil Code, the former providing that "Suits for rescission of partitions are prescribed by the lapse of five years from the date thereof, and in case of error and fraud, from the day in which they are discovered," and the latter that "The following actions are prescribed by five years: * * * That for the rescission of partitions * * *." The plea of estoppel is based on the holding of the Court in the cases of Miller v. Utley-Holloway Sawmill Co., 168 La. 934, 123 So. 625, and Hamilton v. Hamilton, 130 La. 302, 57 So. 935.

The Miller case, supra, similar on its facts and, we think, controlling here, involved an attack on an act of partition in

that the records disclosed no title to any part of the property as to one of the parties to the act, John Tullis (through whom the defendants acquired by mesne conveyance), and showed title to the whole in the other party to the partition, Mrs. Samatha Harper. Upon suit by her heirs to establish title under Act 38 of 1908, this Court made the following observations which are pertinent to the present controversy: "* * * the partition was not an absolute nullity, for it apparently vested title in John Tullis to the *whole* of the southeast quarter of section 23, and was regular and formal on its face. Therefore it cannot at this time be attacked by the heirs or assigns of Mrs. Samatha Harper, inasmuch as the property has now passed into the hands of third persons even though she did not receive any consideration for her deed, (1) Because it was not an absolute nullity on its face and was cured by the prescription of five years under Rev.Civ.Code, arts. 1413, 3542, and Hamilton v. Hamilton, 130 La. 302, 57 So. 935; and (2) because parties purchasing on the faith of the public records were protected thereby. Schwing Lumber & Shingle Co. v. Arkansas Natural Gas Co., 166 La. 201, 116 So. 851; Hamilton v. Hamilton, 130 La. 302, 57 So. 935."

Having reached this conclusion, it is not necessary to consider the authorities relied on by the defendant. They are not apposite from a factual or a legal standpoint.

For the reasons assigned, the judgment of the district court is affirmed.