Harmon WHITTINGTON,
Charles F. Reed
and
W. Paul Edman, d/b/a Mid-Century
Oil & Gas Company
and
A. B. Dow
v.
Garvis I. BAZEMORE, C. T. Ruffin
and
Goodwyn H. Harris, Jr.
Civ. A. No. 4948.

United States District Court
W. D. Louisiana, Shreveport Division.
Feb. 17, 1956.

See also 133 F.Supp. 163.

163, defendants have filed an original and two supplemental answers, setting up the following affirmative defenses:

1. While admitting execution of the lease by Bazemore in favor of Robertson Stores, Inc., on May 1, 1947, they deny that it covered the entire mineral interest, and allege that he received a bonus for only an undivided one-half mineral interest; that previously, on March 11, 1947, Keatchie had leased its then outstanding undivided one-half interest to T. E. Robertson, who was president of Robertson Stores, Inc.; that Robertson, and thus the corporation, knew of all the facts concerning each lease; that it was orally agreed, between Bazemore and one Earl Johnson, who acted in the transaction as authorized agent for Robertson Stores, Inc., that the lease in favor of the corporation was to cover only the undivided one-half interest then owned by Bazemore; and that, by virtue of an agreement between Robertson Stores, Inc., and T. E. Robertson, as shown by resolutions of the Board of Directors of the former, filed in the De Soto Parish records in September and October 1947, all mineral leases taken in the name of Robertson were the property of the corporation.

2. The fact that each of these leases covered only an undivided one-half interest in the minerals was shown in all assignments, including the one executed in favor of W. Paul Edman on April 16, 1951; consequently, that he and the other plaintiffs had notice of this fact.

3. Plaintiffs, therefore, are estopped to claim that their lease covers more than an undivided one-half interest in the minerals; and to hold that it covers the full mineral interest would constitute unjust enrichment. Accordingly, defendants say, they are entitled to have the lease reformed so as to reflect the true intention of the original parties to it.

██ Plaintiffs, for their part, because defendants' answer denied that rentals had been paid by plaintiffs and accepted by Bazemore, as alleged in the complaint, filed a formal request for ad-

W. M. Phillips and W. S. Waller, Shreveport, La., for plaintiffs.

Gordon B. Golsan, Jr., Mansfield, La., Craig, Magee & Spann, Mansfield, La., for defendants.

DAWKINS, Jr., Chief Judge.

Since our original opinion was handed down, on July 11, 1955, 133 F.Supp.

missions by defendants, calling upon them to admit expressly that such payments had been made, accepted and retained. In his answer to the request, Bazemore admitted that such was true, but stated that he refused to accept the payment tendered to him for delay rentals due on May 1, 1955; and expressed his willingness to return to plaintiffs one-half of all such payments made since 1951. Ruffin and Harris denied the truth of the requested admissions "for lack of information".

Plaintiffs now have filed a motion for summary judgment, which we believe is good.

It is very doubtful that the defenses asserted could be urged successfully, or evidence admitted to support them, even if the lease granted by Bazemore on May 1, 1947, were still retained by the original lessee. Article 2276 of the Revised Louisiana Civil Code, LSA, provides:

> "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."

In Smith v. Bell, 224 La. 2, 68 So.2d 737, 739, evidence of an oral "side" agreement in connection with a sale of realty was sought to be introduced and rejected. The Louisiana Supreme Court said:

> "Clearly, the only purpose to be served by the offerings was a contradicting of the terms of such instrument, and this the law forbids under the circumstances existing here."

The Court then quoted Article 2236 of the LSA–Civil Code, reading:

> "*Force and Effect of Authentic Act.*—The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery."

It then quoted Article 2276, supra, and said:

> " ' "It is the well-settled and unbroken rule of law in this state that, in the absence of any allegation of fraud or error, conditions, and stipulations beyond those expressed in an authentic act, and what may have been said before, or at the time of, or since the execution thereof, can be proven only by means of a counter-letter or by the use of interrogatories on facts and articles." Franton v. Rusca, 187 La. 578, 175 So. 66, 68, and Lawrence v. Claiborne, 215 La. 785, 41 So.2d 680, and authorities cited in both cases.' "

Since plaintiffs are third persons, who were entitled to rely implicitly on the public records, and to believe that they were acquiring a lease plainly covering the entire mineral interest in the property (which interest was matured on October 27, 1951, upon reversion of Keatchie's interest to Bazemore) it is certain that no evidence *aliunde* would be admissible in support of the first defense they have asserted.

In Hughes v. Morrissey, 169 La. 176, 124 So. 772, 774, the Court said:

> " * * * Matters outside of the recorded deed, and not of record, cannot be pleaded against third persons, nor does mere knowledge, not obtained from the records, where it exists, of the right of the record owner to sell, constitute such fraud as cuts down everything. McDuffie v. Walker, 125 La. 152, 51 So. 100; Gonsoulin v. Sparrow, 150 La. 103, 90 So. 528; Cole v. Richmond, 156 La. 262, 100 So. 419; Schwing Lumber & Shingle Co. v. Arkansas Nat. Gas Co., 166 La. 201, 116 So. 851."

And in Cole v. Richmond, 156 La. 262, 100 So. 419, 423, the Court said:

> "The conveyance records are the only thing to which one dealing with real estate needs to look, under the repeated decisions of this court, nor can innocent third persons purchasing upon the faith of the public records be bound by any knowledge except such as is disclosed by such records. Baird v. Atlas Oil Co., 146 La. 1099, 84 So. 366; McDuffie v. Walker, 125 La. 167, 51 So. 100;

Waller v. Colvin, 151 La. 772, 773, 92 So. 328.

"Neither fraud, nor want of consideration, nor secret equities between the parties, who have placed on the public records a title valid upon its face, can be urged against a bona fide purchaser for value, who has acted on the faith of such recorded title. Broussard v. Broussard, 45 La.Ann. 1085, 13 So. 699; Fletcher v. Peck, 6 Cranch 87, 3 L. Ed. 162; Succession of Guillory, 29 La.Ann. 495; Chaffe v. Ludeling, 34 La.Ann. 967."

As to the second and third defenses, we showed in our original opinion that defendants' position was untenable. The assignments, including the one from Robertson Oil Company, Inc., to Edman, in stating that the lease in question "covers and affects an undivided one-half interest", merely described a current status and did not in any way limit the full interest being transferred. Plaintiffs having acquired in good faith, on the strength of the public records, a lease which plainly covered all of the minerals, and being subrogated to the benefits of the warranty obligation expressed in the lease, no estoppel was created as to them and no plea of unjust enrichment can be maintained against them. They were not in any way privy to the original transaction, and their rights cannot be affected by any equities between the original parties to the instrument.

If there is any estoppel presented here, it is against Bazemore, who by his conduct, in accepting the rentals as paid by plaintiffs, ratified their interpretation of the lease over a period of more than four years. His belated willingness to return them now will not do, and neither he nor the other defendants are entitled to have the lease reformed.

There being no genuine issues here, as to material admissible facts, plaintiffs' motion for summary judgment will be granted.

Present decree accordingly.