160 So.2d 421 (1964)
Margaret HASSLOCHER et al., Plaintiffs-Appellants,
v.
Leo D. RECKNAGEL et al., Defendants-Appellees.
No. 10111.
Court of Appeal of Louisiana, Second Circuit.
January 9, 1964.
Rehearing Denied February 13, 1964.
Writ Refused April 1, 1964.
Shuey & Smith, Shreveport, for Margaret Hasslocher and Germano Hasslocher, plaintiffs-appellants.
Morgan, Baker, Skeels & Coleman, Shreveport, for Marilyn Keith Crawford, individually and as tutrix of Robert Charles Crawford, defendant-appellee.
Archie R. Estess, Robert W. Coyle, Shreveport, for Leo D. Recknagel, John Franks, Robert E. Adair, Bryan Hassell, Burton Hayes Hassell, John Thomas Hassell, and Katherine Hassell Plants, defendants-appellees.
Magee & Spann, Mansfield, for Frank W. Scheller and Elbert O. Stewart, Jr., third-party defendants-appellees.
Gordon B. Golsan, Jr., Mansfield, for Joe T. Cawthorn and Production Payments, Incorporated, defendants-appellees.
Before GLADNEY, AYRES, and BOLIN, JJ.
AYRES, Judge.
Plaintiffs, Margaret Hasslocher and Germano Hasslocher, asserting ownership of *422 all the oil, gas, and minerals in a described 30-acre tract of land situated in DeSoto Parish in the proportion of an undivided one-half interest each, seek the cancellation of an oil, gas, and mineral lease executed by one Bryan Hassell dated November 7, 1957, as well as the cancellation of all subsequent assignments of said lease, and an assignment of production payments executed pursuant thereto.
The defendants, in addition to Hassell, are the present record owners of the oil, gas, and mineral lease and of the assignment of the production payments.
From an adverse judgment, plaintiffs prosecute this appeal.
The facts material to the issues presented for resolution are not in dispute. They may be briefly reviewed.
Margaret Hasslocher acquired, by purchase from Mrs. Faia Hassell Loftus, on August 4, 1954, the 30-acre tract of land herein involved. Three days later Mrs. Hasslocher conveyed to Frank W. Scheller et al a 15-royalty-acre interest in said tract.
On a unit designated the R. L. Holmes Unit, in which the 30-acre tract was included, a nonproducing well was drilled during November, 1954. Thereafter, under date of June 10, 1955, Mrs. Hasslocher sold and conveyed to Bryan Hassell the 30-acre tract. The act of sale contained this provision:
"This sale is made subject to that certain oil, gas and mineral lease dated May 17th, 1954 between Mrs. Faia Hassell Loftus and Margaret Hasslocher, also sale of one-half of minerals dated 7th, of August 1954. Margaret Hasslocher reserves unto herself the other half of mineralssold but not recorded."
It may be noted here that the lease dated May 17, 1954, is not at issue. In fact, it is not in force.
Another nonproductive well was drilled on the Holmes Unit during February, 1956. Thereafter, on October 15, 1957, Mrs. Hasslocher executed an oil, gas, and mineral lease covering 15 acres of the tract to Smackover Producing Co. This lessee also acquired, on November 7, 1957, an oil, gas, and mineral lease from Bryan Hassell.
All the instruments hereinabove referred to were duly and timely recorded.
During January, 1958, the drillers and operators of the R. L. Holmes Unit succeeded in bringing in a commercial producer on the unit. Thereafter, on May 19, 1958, there was placed of record a conveyance of one-half of the minerals in the 30-acre tract from Mrs. Hasslocher to her son, Germano Hasslocher, dated August 7, 1954, and acknowledged before a notary public on May 16, 1958.
The position of the defendants, as third parties, is that they acquired their interests based upon the public records and, hence, are not bound or affected by any fact or circumstance not disclosed by the public records. Plaintiffs contend, however, that the reservation and exception in the act of sale from Mrs. Hasslocher to Bryan Hassell, as heretofore noted, placed defendants on notice of their interest in the minerals.
In giving consideration to these contentions, and especially as to what facts the reservation or exception in the deed placed defendants on notice, certain well-recognized principles need be kept in mind. First of all, transfers of immovable property must be in writing (LSA-C.C. Art. 2275), either by authentic act or under private signature (LSA-C.C. Art. 2440); and, further, such acts shall have effect against third persons only from the date of their deposit in the office of the parish recorder (LSA-C.C. Arts. 2254 and 2264). Moreover, all sales, contracts, and judgments affecting immovable property which shall not be so recorded shall be utterly null and void except between the parties thereto (LSA-C.C. Art. 2266). These provisions are clear and unambiguous and are enforced as written. McDuffie v. Walker, 125 La. 152, 51 So. 100; Jackson *423 et al. v. Golson et al., La.App.2d Cir., 1956, 91 So.2d 394 (writs denied).
The aforesaid provisions of law relating to registry were broadened and extended in 1950 to cover all forms of instruments affecting immovables, including mineral sales and leases. Unless filed for registry in the parish where the land or immovable is located, no such instruments shall affect third persons, nor shall matters outside the public records be binding upon or affect third parties. LSA-R.S. 9:2721, 2722.
Thus, as stated in Cole et al. v. Richmond et al., 156 La. 262, 100 So. 419, 423:
"The conveyance records are the only thing to which one dealing with real estate needs to look, under the repeated decisions of this court, nor can innocent third persons purchasing upon the faith of the public records be bound by any knowledge except such as is disclosed by such records. Baird v. Atlas Oil Co., 146 La. [1091] 1099, 84 South. 366; McDuffie v. Walker, 125 La. [152] 167, 51 South. 100; Waller v. Colvin, 151 La. [765] 772, 773, 92 South. 328.
"Neither fraud, nor want of consideration, nor secret equities between the parties, who have placed on the public records a title valid upon its face, can be urged against a bona fide purchaser for value, who has acted on the faith of such recorded title. Broussard v. Broussard, 45 La. Ann. 1085, 13 South. 699; Fletcher v. Peck, 6 Cranch, 87, 3 L.Ed. 162; Succession of Guillory, 29 La.Ann. 495; Chaffe v. Ludeling, 34 La.Ann. [962] 967." Schwing Lumber & Shingle Co. et al. v. Arkansas Nat. Gas Co. et al., 166 La. 201, 116 So. 851; Harris et al. v. United Gas Public Service Co. et al., 181 La. 983, 160 So. 785; Strange et al. v. Robinson et al., La.App.2d Cir., 1939, 189 So. 338; Brown et al. v. Johnson et al., La.App.2d Cir., 1942, 11 So.2d 713, 716 (writs denied).
Furthermore, as stated in Brown et al. v. Johnson et al., supra,
"It is also the law that all persons have constructive notice of the existence and contents of a recorded instrument affecting immovable property (United Gas Public Service Company v. Roy et al., La.App., 147 So. 705); and where such an instrument contains language that fairly puts a purchaser on inquiry as to the title and he does not avail himself of the means and facilities at hand to obtain knowledge of the true facts he is to be considered as having bought at his own risk and peril Breaux-Renoudet Cypress-Lumber Company v. Shadel et al., 52 La.Ann. 2094, 28 So. 292."
The question, therefore, is whether the recitals contained in the act of sale fairly placed defendants on inquiry as to plaintiffs' claims to the mineral interests in the 30-acre tract of land. In answering this question, the trial court, mindful of the aforesaid principles, in a written opinion, stated:
"June 10, 1955, when Mrs. Hasslocher conveyed the tract of land under consideration to Bryan Hassell, the only recorded instrument in the public record of DeSoto Parish, pertinent to the disputed clause at that time was the conveyance from Margaret Hasslocher to Frank W. Scheller et al., dated August 7, 1954, conveying fifteen acres royalty interest in said thirty acres. * * * Therefore, Bryan Hassell examining the public records in DeSoto Parish, Louisiana, would have found only the royalty deed above mentioned. There is no evidence that a mineral deed dated August 7, 1954, was recorded at that time. It is true that the mineral deed from Margaret Hasslocher to Germano Hasslocher dated August *424 7, 1954, was placed of record in DeSoto Parish, Louisiana, May 19, 1958; but Bryan Hassell could not be charged with notice of that mineral deed, unless the language in the exception in his deed was sufficient to advise him of such an instrument. The recorded sale of August 7, 1954, from Margaret Hasslocher to Frank W. Scheller et al. covered a royalty interest only. There was no record of any mineral sale by Margaret Hasslocher to Frank Scheller et al. It was clearly a sale of royalty. Therefore, although, the exception stated the sale was a mineral sale, Mr. Hassell may well have concluded that the exception referred to the royalty sale. Furthermore, the evidence discloses that the deed from Mrs. Hasslocher to Mr. Hassell, was prepared by the vendor, placed of record by the vendor, and that she delivered a copy of the recorded instrument to the vendee and was paid for the property at the time by him.
"It is my opinion that the term `minerals' and the term `royalty' were regarded as being synonymous; and that the instrument that Mrs. Hasslocher had in mind when she sold the property, was the royalty sale to Frank W. Scheller, et al, dated August 7, 1954. Having reached the conclusion that Mrs. Hasslocher was referring to the royalty sale of August 7, 1954, to Frank W. Scheller, et al., in the reservation made in her deed to Mr. Hassell, then it logically follows that she conveyed one-half of the mineral rights to Mr. Bryan Hassell; and that she reserved the other one-half of the mineral rights to herself. * * *. But the law provides that the seller is bound to explain himself clearly respecting the extent of his obligation; and that any obscure or ambiguous language is construed against him. [LSA-] Civil Code Article 2474 provides:
"`The seller is bound to explain himself clearly respecting the extent of his obligations: any obscure or ambiguous clause is construed against him.'
"In the case of Mestayer et al v. Cities Service Development Company [La.App.], 136 So.2d 513, 529 [writs denied], the court adhered to the well established principle that any obscurity or ambiguity in a sale is construed against the vendor and in that connection said:
"`It should also be noted that any obscurity or ambiguity in a sale is construed against the seller and those who stand in his shoes. LSA-Civil Code, Art. 2474; Texas Company v. O'Meara, 228 La. 474, 82 So.2d 769; Brown, Tutor v. Broussard, 43 La. Ann. 962, 963, 9 So. 911.'
* * * * * *
"Therefore, it is my opinion that Margaret Hasslocher, in the sale to Bryan Hassell, reserved one-half of the mineral rights; and that at that same time she made a mineral deed to her son, Germano Hasslocher, dated August 7, 1954, covering the mineral rights so reserved.
"It is my further opinion that Bryan Hassell acquired one-half of the mineral rights in said property. * * *
"Taking all of the evidence into consideration, it is my opinion that Mrs. Hasslocher in her deed to Bryan Hassell dated June 10, 1955, conveyed all of her interest in the thirty acres of land under consideration except one-half of the mineral rights which she reserved."
From our own review of the record, we find no basis or sound reason for disagreement with the conclusions reached by our learned brother of the trial court. We may, however, make the further observation *425 that the burden of proof was upon plaintiffs to establish their claims by a preponderance of the evidence. In this, they have failed.
Accordingly, for the reasons assigned, the judgment appealed is affirmed; and
It is now Ordered, Adjudged, and Decreed there be judgment herein in favor of the defendants Bryan Hassell, Burton Hayes Hassell, John Thomas Hassell, Katherine Hassell Plants, Leo D. Recknagel, Robert E. Adair, John Franks, Production Payments, Incorporated, and Marilyn Keith Crawford, individually and as tutrix of the minor, Charles Crawford, and against the plaintiffs Margaret Hasslocher and Germano Hasslocher, rejecting the demands of the plaintiffs at their costs, including the cost of this appeal; and
It is further Ordered, Adjudged, and Decreed that the defendants Bryan Hassell, Burton Hayes Hassell, John Thomas Hassell, and Katherine Hassell Plants be, and they are hereby, recognized as the owners of an undivided one-half interest in the oil, gas, and other minerals in and under the following property, to wit:
West half of northeast quarter of southwest quarter (W ½ of NE ¼ of SW ¼) and northeast quarter of northeast quarter of southwest quarter (NE ¼ of NE ¼ of SW ¼) of Section 27, Township 14 north, Range 16 west, DeSoto Parish, Louisiana,
but subject to and burdened by that certain royalty sale from Margaret Hasslocher to Frank W. Scheller et al dated August 7, 1954, recorded in Book 201, page 500 of the Conveyance Records of DeSoto Parish, Louisiana, under Registry No. 237289, and also subject to that certain oil, gas, and mineral lease dated November 7, 1957, executed by Bryan Hassell in favor of Smackover Producing Co., recorded in Book 233, page 489 of the Conveyance Records of DeSoto Parish, Louisiana, under Registry No. 264646.
Affirmed.
GLADNEY, Judge (dissenting).
Appellants, Margaret Hasslocher and Germano Hasslocher, assert they are owners of the entire mineral rights in and to the subject thirty-acre tract by reason of the fact that Margaret Hasslocher did not sell or convey any mineral rights to Bryan Hassell in the deed of June 10, 1955, wherein she conveyed to Hassell the fee title of the property with certain reservations. This deed was placed of record on June 11, 1955.
The controversial clause which has been the subject of interpretation by the trial court and by the majority of this court reads:
"This sale is made subject to that certain oil, gas and mineral lease dated May 17th, 1954 between Mrs. Faia Hassell Loftus and Margaret Hasslocher, also sale of one-half of minerals dated 7th, of August 1954. Margaret Hasslocher reserves unto herself the other half of mineralssold but not recorded."
As I so construe the quoted provision, whatever property rights were acquired by Bryan Hassell did not include, or were made subject to: (1) sale of one-half of minerals dated 7th of August, and (2) the other half of minerals reserved by the vendor, Margaret Hasslocher. The plain meaning of the clause had the effect of withholding from Bryan Hassell all of the mineral rights.
The majority opinion declares an ambiguity results, or could be inferred, from an assumption that Margaret could have used the terms "minerals" and "royalty" as being synonymous. I cannot subscribe to this point of view. In this State the legal distinction between minerals or royalty is too well known, not only to lawyers and judges but also to all those who traffic in oil, gas and mineral rights. Certainly, a title examiner must be assumed to know the legal distinction between the ownership involved in each of the words. Also, it must *426 be assumed that Margaret Hasslocher, who was a dealer in oil, gas and mineral leases, knew what she was writing when she had the deed and used the word "minerals" and not "royalties." Plainly, the clause or provision in the deed deprived Bryan Hassell of sale of one-half of the minerals, dated 7th August, and also reserved from the sale the other half of the minerals. Consequently, Bryan Hassell received none of the minerals. It is, therefore, my opinion that the judgment of the trial court should be reversed.
Rehearing denied.
GLADNEY, J., dissents.