## BRASHEARS et al. v. CHANDLER.

### No. 1884.

Court of Appeal of Louisiana.
First Circuit.

Oct. 5, 1938.

J. Oliver Bouanchaud, of Baton Rouge, for appellants.

Reid & Reid, of Hammond, for appellee.

DORE, Judge.

This is a jactitation or slander of title suit by the plaintiff wherein they allege themselves to be owners and in possession for more than thirty years of a large tract of land situated in the Parish of Livingston. The suit was filed in September 1937. The plaintiff claims that defendant is slandering their title to fifty acres of the large tract by the recordation of an act of sale dated October 21, 1936.

Defendant excepted to the petition on the ground that: "That plaintiffs not being in possession of the property described in their petition, they are without right or authority to institute and prosecute this suit which is a suit in slander of title or jactitation." This exception, after being duly tried, was sustained and judgment entered dismissing plaintiffs' suit. Plaintiffs have appealed.

■ It is now well settled that the action of slander of title or jactitation suit is founded exclusively on possession and is a form of possessory action and is governed by the rules prescribed by the Code of Practice under the title "Possessory Action". Article 46 et seq. See Miller v. Albert Hanson Lbr. Co., 134 La. 225, 63 So. 883; Bell v. Saunders, 139 La. 1037, 72 So. 727. Thus the only question presented to us in this case is whether or not the evidence in the records shows that plaintiffs are in the "actual" possession of the property as provided for under Code of Practice Articles.

The evidence discloses that on August 16, 1923, John P. Brashears, one of the plaintiffs herein, purchased from the Bank of Baton Rouge, the following described property situated in Livingston Parish:

"(1) A tract of land in Section 43, Township 5 South, Range 3 East, being a part of the Robert Sibley Headright, containing one hundred acres, bounded on the north by lands formerly belonging to J. P. Tull, east by J. E. Shultze, south by Ben R. Mayer Grocery Company or section 21, and west by Onelien. And which said one hundred acres is now more correctly described by survey of L. Q. Huey, Surveyor, hereto attached and made a part hereof as follows: Begin at the N.E. corner of Lot 2 of Section 22, T5S, R3E, and run West to the N.W. corner of said Lot 2; thence North to the North line of Section 43, T5S, R3E, thence East on the North line of said Section 43, T5S, R3E, a sufficient distance to agree with the line on the south running east and west; thence south to the place of beginning.

"(2) Also a tract of land containing 800 acres, composed of Section 21

"(2) Also Lots Two (2) and Three (3) and the North half of North half of the Southwest Quarter (N½ of N½ of SWP) of Section 22, containing 104.80 acres, and Lots One (1) Two (2) and Three (3) of Section 21, containing 76.78 acres; and a tract of land located in Section 42, T5S, R3E, containing 54 acres, to begin at the N.W. corner of Lot 3 of Section 21, T5S, R3E, and begin at the SW corner of said Lot 3 Section 21, T5S, R3E, and run west a sufficient distance to include 54 acres of land. All being located in Township 5 South, Range 3 East. The lands above described being a part of a certain 800 acres tract of land described as follows:

" 'A tract containing 800 acres, composed of Section 21 and 42, in Township 5 South, Range 3 East, less. 106 acres owned by Levi Easterly, 160 acres owned by Caroline Rivers, 40 acres owned by E. H. Mayer, 40 acres owned by American Harrow Company, and 54 acres reserved when same was sold by Ben R. Mayer Grocery Company to vendor; the tract herein conveyed containing 400 acres, and bounded north by tract above described, Onelien, J. B. Easterly and T. J. Mixon, East by American Harrow Company, south by Tom Brashears, W. P. Coxe, John and Dan Fere, and west by 54 acres reserved.' "

The evidence further shows that on August 20, 1923, the said John P. Brashears, by notarial act, sold all of the merchantable timber on the said tract purchased by him from the bank to the Natalbany Lbr. Co.; that the said lumber company immediately took physical possession of the property, built tramways and logging camps thereon, and immediately began the cutting and the removal of the timber therefrom.

The evidence further shows that sometime in April, 1932, the said John P. Brashears entered into an agreement to sell to A. J. Shelton Lots 2 and 3 of Section 22, a portion of the property he had acquired from the bank; it further shows that A. J. Shelton, pursuant to his contract to buy, took possession of the property described in the agreement, built a house upon it, cleared and cultivated and worked a portion of the land; Shelton forfeited his contract in 1933, and rented the place from plaintiff Brashears for the years 1934 and 1935. Thereafter, plaintiff Brashears rented the same land to a Mr. Oneal, who cultivated a part of the land until Easter Sunday of 1937.

The evidence further shows that plaintiff Brashears and his authors in title have had the actual physical possession of the property firstly described in his deed for a period of more than fifty years.

It is now well settled that one who purchases a large tract of land and takes possession of a part of such tract under title for the whole obtains possession of the entire tract; and it is also well settled that the actual possession previously acquired is preserved and maintained, and it continues in the same manner and with the civil effect, as if the thing had always been actually and corporeally possessed. Ellis v. Prevost, 19 La. 251; Duffourc v. Constantin, 189 La. 826, 181 So. 183.

The slander charged in the petition is the recordation by the defendant of a deed from Edward P. Kinchen, wherein the following property is south to be transferred: "50 acres, bounded north by J. B. Easterly, Sr., east by E. H. Mayers, south by Thomas Brashers, and west by vendor, and being more fully described as follows: Beginning 30.79 chains north O*20′ west from southwest corner section 22 T5S, R3East; run north O*20′ west 12.45 chains; thence south 89*45′ east 40.00 chains; thence south 12.50 chains; thence south 89*45′ west 40.00 chains to place of beginning. Being the same property acquired as per deed of record in C.O.B. 26, folio 380 of the Conveyance Records of the Parish of Livingston. And as per plot of C. M. Moore hereto attached and made a part of this Act."

The uncontradicted testimony of Mr. Huey, a civil engineer, is that according to the description by survey, the property is the N½ of N½ of SW¼ and the southern portion of Lots 2 and 3 of Section 22; and that according to the boundaries as given in the deed, the property is situated in Section 21. However, the evidence is conclusive that the defendant went into possession of the N½ of N½ of SW¼ and the southern portion of Lots 2 and 3, of Section 22, and is claiming the same by virtue of this recorded deed.

It is our observation, without going into the question of title, that, although the clauses "(2) Also a tract of land containing 800 acres, composed of Section 21", and "The lands above described being a part of a certain 800 acre tract of land described as follows: etc." make the description of some of the land included in plaintiffs' deed somewhat uncertain, yet the deed spe-

cifically transfers the lots 2 & 3 and the N½ of N½ of SW¼ of Section 22, containing 104.80 acres. It is also our observation, without going into the question of title, that the last clause found in plaintiffs' deed relative to the tract containing 800 acres from which certain réservations are made has reference to Sections 21 and 42, and it does not affect Lots 2 and 3 and the N½ of N½ of SW¼, of Section 22.

The only question before us is one of possession. The evidence is conclusive that the plaintiffs have had the actual, open and peaceable possession of the property described in their deed as being situated in Section 22; that the defendant has not only disturbed that possession by the filing of his deed for record but has also attempted to take adverse possession of the property so situated in Section 22.

In conclusion, the deed of defendant having been filed for record on October 21, 1936, the plaintiffs having been in the open, peaceable and actual possession of the said property for more than a year previous to the slander or disturbance, and the plaintiffs having filed their suit prior to the expiration of the year, the exception should have been overruled.

For these reasons, the judgment appealed from is annulled, reversed and set aside; and it is now ordered that the exception be and the same is hereby overruled, and the case is hereby remanded to the lower court for further trial in accordance with law and the views herein expressed, appellee to pay the costs of this appeal, all other costs to await the final results of the case.