The plaintiff in this suit is seeking to be recognized as the owner of a tract of land which is described in his petition as follows: "A certain tract or parcel of woodland in Evangeline Parish, Louisiana, containing 20 arpents, more or less, and being situated in the west part of Section 47, T. 4 S.R. 2 E., La. Meridian, bounded on the north by Helaire Bordelon, South Sam Haas Estate, East by Emile Jules Ludeau, and west by Lucius Foret, being the same property acquired by R.L. Derouen of Louisa L. Fontenot on January 7, 1914, deed filed and recorded on January 7, 1914, in conveyance book A-2 1/4, page 241, records of Evangeline Parish, Louisiana."
He sets out in his petition that he is informed and believes, and so believing, avers that Emile Ludeau and Jules Ludeau are claiming to own the said tract of land having acquired the same in a forty arpent tract in two deeds of twenty arpents each, the one covering the twenty arpents which he (plaintiff) claims, being an acquisition by them from Mrs. Louisa Fontenot, widow of Diomedes Soileau, and Adeuse Leonard and Adeline Soileau. He avers that in this last deed the vendors purported to sell twenty arpents of land under the following description: "A certain tract or parcel of woodland situated about two miles north of Ville Platte, Louisiana, containing twenty arpents, being the west one-half of a tract of land which is bounded on the North by Helaire, Bordelon, South by Lucius Foret, East by land belonging to Estate of Diomedes A. Soileau and west by Lucius Foret; said tract of land herein *Page 227 
sold measuring two arpents in width on line running north and south and ten arpents in length on line running east and west."
Plaintiff claims that neither he nor the defendants herein, Emile and Jules Ludeau, are in actual possession of the said tract of land and that he desires to avail himself of the provisions of Act 38 of 1908 under which title to properties which are in the actual possession of neither claimant can be adjudicated. The prayer of his petition is for judgment recognizing him as the sole and rightful owner of the said tract of land and decreeing the pretended title of the defendants null and void and ordering same to be cancelled from the records of the Parish.
Upon a prayer for oyer having been filed by the defendants plaintiff complied with the order the Court granted and produced (1) the original act of sale from R.L. Derouen to himself dated May 1, 1935, and (2) the entire proceedings in the Succession of Diomedes Soileau. With regard to the title deed called for from Louisa Fontenot to R.L. Derouen, dated January 7, 1914, he stated that the same was delivered in the custody of Emile Ludeau on October 27, 1937, and has been under his control ever since, and the same situation exists with regard to the original deed from Louisa Fontenot and others to Emile Ludeau dated October 27, 1937.
Upon these documents having been produced, the defendants filed an exception of no cause or right of action, the basis of which is that the description in the deed from Louisa Fontenot to R.L. Derouen, on which plaintiff relies for his title, is too vague and indefinite to give notice to third persons as to the property therein intended to be conveyed. This exception was referred to the merits by the trial judge and in passing on the merits, he overruled it holding that the question presented under it involved the decision to be made as to the sufficiency of description in order to identify the property conveyed and that in reality that was a defense to the merits of the case.
The defendants in their answer deny that the plaintiff is the bona fide owner of the tract of land claimed by him as described in his petition. They claim that they are the owners under the title deed which they hold and that they have been in possession since their acquisition under their deed. Further answering they set out that the plaintiff's vendor, R.L. Derouen, as shown in the original deed between them, purported to convey twenty arpents of land therein described as follows: "A certain tract or parcel of woodland, situated North of the town of Ville Platte, La., and to be taken off of the western end of the home place of vendor, containing 20 arpents, bounded on the north by Helaire Bordelon, South by _____, east by vendor and west by _____. Being cash sale No. 2895 from Louisa L. Fontenot to Rene L. Derouen, filed January 7, 1914, recorded in A. No. 2 1/4 page 241, records of Evangeline Parish, La." They reiterate in their answer that the description is inaccurate and indefinite, that in law and in fact it conveyed nothing to the plaintiff, whereas they bought on the face of the public records, are innocent third persons, in good faith, and therefore the bona fide owners of the property.
Further answering they aver that they have been in possession both civil and corporeal, that they have been assessed as owners of the property and have paid taxes thereon annually. In addition they claim to have exercised acts of ownership by cutting fire wood from the property, having granted permission to others to go upon it for that same purpose and have done all acts necessary in connection with their ownership and physical possession. They further allege that their said possession has been for more than ten years under a deed translative of title and they plead the prescription of ten years acquirandi causa under Article 3478 of the Civil Code.
In their answer they further set out that if the declaration in the deed from Louisa Fontenot to Derouen to the effect that the twenty arpents are "to be taken off of the western end of the home place", said twenty arpents do not constitute the property in question as that property is not the home place of Louisa Fontenot. Further they aver that at the time of their acquisition of the property involved, their vendor had other property than the home place and that she sold and delivered unto them the remainder of the tract of woodland in which they had already purchased twenty arpents in order that they would own the entire forty arpent tract of woodland and that plaintiff's twenty arpent tract, if he acquired the same at all, is to be taken from the western end of the home place of the vendor and not from their property. *Page 228 
The case went to trial on the issues as thus presented to the Court and resulted in a judgment in favor of the plaintiff decreeing him to be the owner of the tract of land as described by him in his petition and ordering the annulment of the act of sale under which the defendant, Emile Ludeau, purportedly bought from Louisa Fontenot and others, and the subsequent sale by Emile Ludeau to Jules Ludeau of an interest in the same property. From that judgment this appeal has been taken.
We can readily agree with the trial judge in his disposition of the exception of no cause of action as the question therein presented is an issue which addresses itself to the merits of the controversy, involving the necessity of taking testimony and requiring a decision on the merits of the case.
In disposing of the plea of ten years' prescription acquirandi causa, the district judge held that there had not been sufficient possession shown to support that plea and accordingly, he overruled it. In view of our appreciation of the testimony relating to possession which we find bears some similarity to that found in the case of Neilson v. Haas, La.App., 199 So. 202, on which we supported such a plea, we might well find some reason to disagree with the ruling of the trial judge.
The question relating to possession which gives us the more concern however is whether or not defendants have not shown such possession as would entitle them to have title to and ownership of the property adjudicated in some action other than under the provisions of the Statute (Act No. 38 of 1908) which plaintiff has invoked. That act, as its very terms indicate, contemplates that neither of the claimants to the property involved must be in its actual possession in order for either to bring suit. See Section 1 of the act. In the case of Duffourc et al. v. Constantin et al., 189 La. 826, 181 So. 183, the Supreme Court discussed at length the quality of possession necessary in order for a claimant to invoke its provisions. It is stated that Section 2 declares that the act itself shall in no wise be construed as having altered, changed, or repealed the rules established by the Code of Practice for possessory or petitory actions. Therefore, it concluded, the character of possession involved in either the possessory or petitory action is peculiarly applicable, and held that since the evidence adduced on the trial on an exception filed by defendants showed that they were in such actual possession of the lands in dispute as, under the Articles of the Code of Practice claimants were required to resort to the petitory action, plaintiffs could not justify their resort to Act No. 38 of 1908.
In the case before us the testimony shows that there had been acts of corporeal possession by the defendants, and particularly by defendant Emile Ludeau, which constituted actual possession. These acts consisted of cutting fire wood on the property and the granting of permission to others to do the same. One of the witnesses, Nave Brunet, called to testify to that fact may not have furnished sufficient proof as it is possible that the tract on which he cut wood was the 20 arpent tract other than the tract involved in this controversy and possibly the trial judge was correct in rejecting his testimony. The testimony of Martin Bordelon however bears positive indication that he cut wood with Emile Ludeau's authorization on the whole 40 arpent tract. He says that the tract from which he cut is supposed to be 2 arpents wide by 20 arpents long and that twelve or thirteen years ago he cut a lot of wood on it. When asked how many times he went on it to do so, he answers that he cannot say but that he went often. The defendant, Emile Ludeau, testified that he has been cutting wood on the tract of land ever since he owned the property and that he sent his tenants at various times on it to do the same thing.
In addition to the cutting of wood which most certainly was an act of corporeal possession, it is not disputed that the defendants have been paying the taxes on the property right along. Whilst it may be that sporadic cutting of wood on a tract of land might not be sufficient acts of possession in themselves to support a plea of ten years' prescription acquirandi causa, it might well be that such cutting of fire wood as was done on this property, coupled with the payment of taxes could constitute such possession as would require the plaintiff to have resorted to some other form of action and would not justify his invoking the provisions of Act No. 38 of 1908 under which he has instituted his suit.
Even that however, is not the issue on which we have concluded to rest our decision in the matter. Considering the case on its merits it is apparent that the *Page 229 
plaintiff, in order to succeed, has to rely on the sufficiency of the description in the deed from Louisa Fontenot to R.L. Derouen, his immediate author in title. If Derouen did not acquire in that deed the tract of land which he purports to sell plaintiff in the deed to the latter, naturally he could not make a legal transfer of that property. The question that then arises is, does the testimony offered and adduced sufficiently identify the 20 arpent tract of land in the extreme western portion of the large tract of land formerly owned by Louisa Fontenot as the same 20 arpents attempted to be conveyed by the vague description in the act of sale to Derouen of date January 7, 1914? If they were the same 20 arpents of course the defendant, Emile Ludeau, could not acquire that same land in the deed from Louisa Fontenot and others made to him on October 2, 1922.
Testimony relating to the boundaries was adduced, some of which, it might be said tends to identify the tract of land, but it is far from being sufficient to make any positive identification. It strikes us that after all, the identification of the tract of land attempted to be conveyed in the prior deed has to depend in a large measure, if not altogether, on the expression used in the description under which it was conveyed to Derouen that it was "to be taken off of the western end of the home place of the vendor." The district judge seems to have interpreted the expression "home place" as having included the whole of a one hundred arpent tract of land formerly owned by Louisa Fontenot and yet he finds that it is shown by the judgment of adjudication in the succession of her husband that she had acquired an original tract of 70 arpents of open land and 30 arpents of woodland. In the description as given in that very judgment there seems to have been a distinction made between the two tracts and with regard to the 70 arpents of open land reference is particularly made to the buildings and improvements thereon whereas the 30 arpent tract is referred to as woodland. Ordinarily it would seem that in construing the term "home place" in relation to a particular tract of land the idea conveyed is that it is the place on which the home is situated, that is the open land as distinguished from what is usually called woodland. The learned trial judge bases his construction of the term on the fact, as he says, that the two tracts were contiguous and accessible the one to the other, and formed but one body of land. We do not find that the two tracts formed a contiguous body of land and even if they were accessible, the one to the other, we could not, on that basis alone adopt the construction which he places on the term "home place". He refers to the fact that in an act of sale under which the woodland in question was sold, another tract of land, not forming a part of the home place was also sold and that this was an indication to the purchaser and his assigns that the vendor has a "home place" so called, which was entirely separate and distinct from another tract of land also belonging to her. Neither does that appear to us to be as clear as it seems to have been to the trial judge. Then too, he seems to place entirely too much responsibility on the part of the defendants who, he says, were residents of the Parish of Evangeline, familiar with the lay of the land and had knowledge of the location of the home place of the vendor as a place that was distinct from all others. There is certainly nothing in the testimony from which we can find that these defendants had such knowledge and information as to place them on guard in dealing with this property and that the land as described in the deed to Derouen would so clearly indicate to them where the western end of the vendor's home place was.
We have kept in mind that principle of law under which one dealing in real property transactions is bound by what appears on the public conveyance records of the Parish in which the property is situated. How far he is bound by such a vague description that it is impossible by the description itself to identify the property transferred is often a hard question to determine. In this case we do not think that it can be contended that a mere reading of the description of the property in the sale made to Derouen by Mrs. Fontenot of itself describes any particular tract of land and as this very controversy proves, it becomes necessary to seek and obtain proof dehors the record to identify it. As a matter of fact the district judge, in deciding the case, seems to have been controlled in some measure by the legal maxim recognized in the jurisprudence of this State that "that is certain which can be made certain." (Id certum est quod certum reddi potest) See Lea v. Terry, 15 La.Ann. 159. Presumably he was of the opinion that any uncertainty which may have existed regarding the identity of the 20 *Page 230 
arpent tract of land in controversy had been removed by the evidence introduced in the record. Unlike him, after reading that record and after having given it, as well as the law applicable, our careful consideration, we find ourselves left with serious doubts in the matter. It may be that in some other form of action in which titles and possession could be more extensively investigated, and it may be also that with more evidence relating to what was known as Louisa Fontenot's "home place", the tract involved in this suit could be definitely identified. For the present however we are of the opinion that the plaintiff has failed in the burden which the law placed upon him in properly identifying the property and he therefore should be non-suited.
For the reasons herein stated it is now ordered that the judgment appealed from be reversed, annulled and set aside and it is further ordered that there be judgment herein in favor of the defendants and against the plaintiff dismissing his suit, as in case of nonsuit at his costs.
OTT, J., dissenting.