391 So.2d 1253 (1980)
WRAY WILLIAMS DISPLAY COMPANY OF LOUISIANA
v.
Jerry FINLEY, Individually and as head and Master of the Community Existing Between himself and June Finley and June Finley, d/b/a "June's Apparel".
No. 13576.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
Rehearing Denied December 15, 1980.
Writ Refused February 13, 1981.
*1254 G. Thomas Arbour, Baton Rouge, for plaintiff-appellee Wray Williams Display Company of Louisiana.
John R. Rarick, St. Francisville, for defendant-appellant Jerry Finley, Individually & as head & master of the community existing between himself and June Finley and June Finley d/b/a "June's Apparel".
Before ELLIS, COLE and WATKINS, JJ.
ELLIS, Judge.
This is a suit on open account, brought by Wray Williams Display Company of Louisiana against Jerry Finley and June Finley. After trial on the merits against Mr. Finley only, judgment was rendered in favor of plaintiff and against Mr. Finley, individually, and as head and master of the community existing between him and June Finley, and he has appealed.
Mr. and Mrs. Finley were married in Virginia in July, 1976, and shortly thereafter established their matrimonial domicile in Denham Springs, Louisiana. In April, 1977, Mrs. Finley opened a dress shop in East Baton Rouge Parish under the name of June's Apparel. About three months later, she opened a second store, Gar Dar Fashions. At the time that Gar Dar Fashions was opened, Mr. and Mrs. Finley were not living together, although no legal separation ever took place. The parties had reconciled by the time of the trial of this case in August, 1979. Apparently there were other separations and reconciliations during that time.
On June 30, 1977, Mrs. Finley went to plaintiff's store in New Orleans and purchased a number of items for use in her two stores, totalling $1,586.26. A portion of the purchase price was paid in cash, and some was charged. Mrs. Finley opened a charge account in the name of June's Apparel with plaintiff on that day. She presented a financial statement in the names of Jerry I. and June E. Finley in support of her application. Mrs. Finley took with her the merchandise purchased that day. On July 13, 1977, one further order was placed with plaintiff, and the merchandise delivered by truck line.
At the trial, plaintiff's credit manager testified as to the purchases made by Mrs. Finley, and stated that two payments had been made thereon: one of $800.44 on June 30th, when the first order was made, and a second payment of $100.00 made by mail on July 21, 1977, leaving a balance of $1,169.46. Offered in evidence in support of her testimony were Xerox copies of carbon copies of the original invoices.
Mrs. Finley testified that, at the time of the original purchase, she gave plaintiff the check for $800.44 and $500.00 in cash, for which she could produce no receipt. She did, however, produce a check written to cash for $600.00, on June 30, 1977, which she said was the source of the money. She testified that she later made two $100.00 payments by mail, but she did not have any cancelled checks or receipts to substantiate this testimony. Finally, she testified that she paid cash to the truck driver who delivered the July 13, 1977, order. She had no receipt but produced another check for cash, dated July 25, 1977, for $700.00, which *1255 she said was the source of the cash used. The amount of the July 13th invoice was $483.64, and Mrs. Finley said the shipping charges were about $100.00. The freight line ticket shows that the merchandise was shipped freight collect, but not C.O.D. She further testified that, on her books, she still owed plaintiff about $483.00.
The trial judge, saying that he did not find Mrs. Finley's testimony credible as to the payments made, rendered judgment for the full amount prayed for. In this court, Mr. Finley raises a number of assignments of error.
After the petition was filed herein, Mr. Finley filed declinatory exceptions to the venue and jurisdiction over his person. He later filed a dilatory exception to the procedural capacity of plaintiff. The trial judge overruled the declinatory exceptions on their merits, but added that he thought that, by later filing the dilatory exception, Mr. Finley waived all objections which might have been raised by the declinatory exception. Mr. Finley now complains of the latter ruling. We find that we need not rule on this assignment of error. The trial judge correctly overruled the declinatory exceptions on their merits, and Mr. Finley raises no question as to the propriety of his ruling in this respect. The ruling complained of is surplusage, having no bearing on the ultimate disposition of the exceptions.
Mr. Finley next complains that the court erred in forcing him to trial when his wife was before the court, but issue had not been joined as to her. The record shows that Mrs. Finley was not served until well after service was effected on Mr. Finley. She filed all of the exceptions which had been previously filed by Mr. Finley and overruled by the court. One of these exceptions was still outstanding at the time of trial herein. All parties were aware of the procedural posture of the case when it went to trial, and no objection was raised by Mr. Finley. There is no merit to the assignment of error.
Mr. Finley next complains that, since he and his wife were married outside of Louisiana, and the debt sued on herein was contracted within a year after they moved to Louisiana, the court erred in presuming the existence of a community of acquets and gains between them. He further alleges that the court erred in finding him liable for the debts of his wife which were incurred while they were not living together.
Former Articles 2401 and 2329 of the Civil Code, which were in effect when the parties moved to Louisiana, provide:
"Art. 2401. A marriage, contracted out of this State, between persons who afterwards come here to live, is also subjected to community of acquets, with respect to such property as is acquired after their arrival."
"Art. 2329. Every matrimonial agreement can be altered by the husband and wife jointly before the celebration of marriage; but it cannot be altered after the celebration. Provided that in the case of married couples removing to this State and settling therein from other States and countries after marriage, they shall have the right at any time within one year after the passage of this Act, or a like period after such settlement in this State, to make a valid marriage contract, subject in all other respects to the laws of this State."
There is no showing made that a marriage contract was entered into by Mr. and Mrs. Finley after they moved to Louisiana. Therefore, there was a community existing between Mr. and Mrs. Finley.
Article 131 of the Civil Code, which was in effect at the time of the trial herein, provides:
"If the wife is a public merchant, she may, without being empowered by her husband, obligate herself in anything relating to her trade; and in such case, her husband is bound also, if there exists a community of property between them.
"She is considered as a public merchant, if she carries on a separate trade, but not if she retails only the merchandise belonging *1256 to the commerce carried on by her husband."
Admittedly, the earnings of the wife, while living separate and apart from her husband, are her separate property under former Article 2334 of the Civil Code. However, former Article 2403 of the Civil Code specifically provides that debts contracted during the existence of the community "must be acquitted out of the common fund." Further, it is not at all clear exactly when these parties were separated and when they were living together. It is clear that Mr. Finley was fully aware of Mrs. Finley's business activities; that he permitted his financial statement to be used in connection therewith; that he provided legal counsel to Mrs. Finley, and that he advanced funds for use in the business. We think the trial judge correctly found that Mr. Finley could be legally liable for this debt.
Mr. Finley's argument that Article 131 is unconstitutional because it contains a gender based classification cannot be considered because it was not pled in the lower court.
Mr. Finley further claims that he should not have been found liable "individually" for the debt, and that his separate property should not be liable for it. This is an incorrect statement of the law. The husband's estate is liable for community debts. Article 2403, Civil Code; Ward v. Trimble, 20 So.2d 765 (La.App. 2nd Cir. 1945).
Finally, Mr. Finley alleges that the trial judge erred in admitting into evidence the Xerox copies of the invoice, when the originals were readily available. This is, of course, correct. The best evidence rule requires that the originals must be produced, absent proof that they could not be located following a diligent effort. In this case, the originals are in plaintiff's files. We do not think that the fact that the credit manager testified that she personally made the Xerox copies relied on is sufficient to excuse the failure to produce the originals. However, we find the error to be harmless. Mrs. Finley examined each of the invoice copies and admitted to having purchased the merchandise shown thereon. Therefore, the matters in proof of which the invoices were produced are not in contest.
The judgment appealed from is therefore affirmed, at the cost of Jerry Finley.
AFFIRMED.