BARRY, Judge.
Defendant appeals from a judgment which dismissed his rule to reduce alimony and child support and condemned him to pay medical expenses.
In January, 1980 defendant and his wife consented to a judgment which set alimony pendente lite and child support for their three year old daughter. Three months later defendant filed a rule to reduce both payments and plaintiff responded seeking an increase in both awards plus reimbursement for medical expenses. Defendant alleged a change in his financial situation and at the hearing attempted to introduce supporting evidence when the following exchange occurred:
“Q.: In connection with the income that you have made since the last time you were in Court, in January, have you prepared a list of expenses and income for the Court?
A.: Yes, I have.
Q.: Do you have a copy of that with you?
APPELLEE’S COUNSEL:
Your Honor, I object to this. I don’t believe the income or the expenses have any relevance to this matter other than Judge Roberts heard it two months ago.
THE COURT:
Objection sustained.”
$ 9{( Sfc Sfc * *
“APPELLANT’S COUNSEL:
It is your rule I should not be allowed to get this into evidence?
*1311 THE COURT:
Right.”
There is no explanation in the transcript why the Court disallowed appellant’s attempt to introduce his income and expenses in order to substantiate his alleged changed financial condition.
It is basic that in order to justify a requested reduction in support payments the mover’s change in financial circumstances must be shown. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973). Appellee argues that her objection to the expense sheet was on the belief that it contained the same information previously considered with the consent judgment. However, the above colloquy specifies that appellant was prepared to submit new figures covering the period following rendition of the consent judgment. We needn’t be reminded of the trial judge’s “much discretion” in allowing introduction of evidence; however, appellant was stopped from meeting his burden by exclusion of evidence necessary to justify his requested reduction in payments. This is reversible error necessitating a remand.
Appellee urges that appellant was compelled to make a proffer of his evidence under LSA-C.C.P. Art. 1636[1] and having failed to do so cannot now complain. We disagree. As shown, appellant attempted to introduce proof of his altered financial condition but was arbitrarily stopped by the trial judge. A proffer would have allowed this Court to review the evidence and avoid a remand, but the lower Court’s manifest error cannot serve to defeat appellant’s right to have his evidence considered when there has not been a proffer. The absence of this essential information in the record and the District Court’s refusal to consider it without giving any reason therefore, compels this Court, in the interest of justice, to remand the case to permit introduction of this evidence.
Appellant also complains that the trial judge ordered him to pay $200.00 in medical expenses which is outside the provision of the consent judgment which reads:
“Defendant, Ronald Paul Tauzier, shall maintain his present Blue Cross medical insurance covering defendant, Lesa Le Blanc Tauzier and the minor child, Heather;”
Appellee’s exhibits of expenses are sketchy, at best, but apparently include $300.00 for dental work, a $35.00 statement from an eye doctor and corrective shoes costing $68.78. (Appellee’s brief claims different amounts which are not in the record.) Appellee maintains these expenses were unforeseen and are extraordinary and appellant is liable to contribute toward payment. The non-custodial parent is not limited to the amount of support ordered by the last decree, but rather equity demands that either or both parents contribute toward extraordinary expenses incurred on account of an accident or a severe, unfor-seen or protracted illness. Wingo v. Cook, 306 So.2d 370 (La.App. 3rd Cir. 1975).
Since the above bills are not covered by the judgment, in order for appellant to be liable we must find that the expenses are extraordinary because of an accident or a severe, unforeseen or protracted illness. The record is void of any such evidence and therefore we have no basis to conclude the bills are extraordinary. Each parent has an obligation to support his/her children under authority of the Louisiana Civil Code. When custody is granted to one parent, the non-custodial parent’s obligation is generally limited by the provisions of the decree. If extraordinary expenses arise, the parent with custody of the child can seek contribution or reimbursement according to the means of each parent. This consent judgment limits appellant’s responsibility to *1312 payment for medical insurance and the District Court’s judgment condemning appellant to contribute toward ordinary medical expenses was error.
Therefore, the judgment of the District Court awarding appellee reimbursement for medical expenses in the amount of $200.00 is reversed and set aside. Further, this matter is remanded to the District Court for further proceedings on appellant’s rule to reduce alimony pendente lite and child support in conformity with the foregoing. Each party to pay his own costs.
REVERSED IN PART; REMANDED.

. LSA-C.C.P. Art. 1636 states in part: “When a court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence. In all cases the court shall state the reason for its ruling as to the inadmissibility of the evidence. This ruling shall be reviewable on appeal without the necessity of further formality.”