435 So.2d 597 (1983)
Warren J. MOITY, Sr., Gayle Reed Manual (Intervenor)[1], Plaintiff-Appellant,
v.
ACADIAN WOODWORKS, INC., et al, Defendants-Appellees.
No. 83-56.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1983.
Rehearing Denied August 17, 1983.
*598 Steven A. Chandler and Warren Ashy, Lafayette, J. Lee Wimberley, Jr., Vidrine & Wimberley, Church Point, for plaintiff-appellant.
Roy & Hattan, L. Lane Roy, Charles R. Keller, Lafayette, for defendants-appellees.
Before FORET, CUTRER and LABORDE, JJ.
LABORDE, Judge.
Warren J. Moity, Sr., plaintiff-appellant, brought suit against Acadian Woodworks, Inc., Grand Couteau Woodworks, Inc., Eileen Manuel, bookkeeper for both corporations, Norman Glenn Manuel, director of both corporations and Rodney Manuel, a director of Acadian, defendants-appellees. Moity alleged that the directors and officers of Acadian had violated their fiduciary relationship to Acadian and had committed various ultra vires acts. Moity, a minority shareholder, requested that he be allowed to examine the records of both corporations and that he be fully protected from the ultra vires acts of the directors. He further requested that a receiver be appointed to liquidate Acadian. Pursuant to a jury verdict, judgment was rendered in favor of the defendants and against Moity. The trial judge denied Moity's request for an appointment of a receiver. Moity appeals. We affirm. We find that the trial judge acted within his discretion in admitting a tape recording into evidence. Further, we find that the introduction of copies, when the originals were available, was an abuse of the trial judge's discretion. However, we find the error to be harmless. Finally, we conclude that the jury was not clearly wrong in finding that the defendants had met their burden of proof.
The issues on appeal are as follows:
1) Whether the trial court erred in allowing into evidence a tape recording of Acadian's last corporate meeting;
2) Whether the trial court erred in allowing into evidence copies of documents in lieu of the originals.
3) Whether the jury's conclusion that the defendants had met their burden of proof is clearly wrong.
Acadian was incorporated in 1971. Its main business activity was the construction of cabinets for residents. Grand Coteau was formed in 1975 and it specialized in building cabinets, doors, molding, etc. for apartments. Glenn Manuel was the president of both Acadian and Grand Coteau. There was some degree of overlap in the two corporations' activities. At a June, 1978, meeting of Acadian's directors and shareholders, it was decided to liquidate the corporation. Glenn Manuel was authorized to supervise this liquidation. Moity purchased 20% of Acadian's stock on July 8, 1978, one month after the liquidation was authorized. Subsequently, Moity filed suit alleging that a large portion of the excess funds of Acadian were unaccounted for and that the officers had not fulfilled their fiduciary responsibility toward Acadian. Moity further alleged that Glenn Manuel, the owner of Grand Coteau, benefited at the expense of Acadian and its minority stockholders. A jury verdict was rendered in favor of defendants denying Moity's request for damages.
On our own motion we note that the action filed by Moity seeking damages is one belonging solely to the corporation. An *599 action for mismanagement or fraud belongs to the corporation, not the stockholder. Beyer v. F & R Oilfield Contractors, Inc., 407 So.2d 15 (La.App. 3rd Cir.1981) writ denied, 411 So.2d 451 (La.1982). As an asset of the corporation, such a right to recover loss for mismanagement or fraud may only be asserted secondarily by a shareholder through a shareholder's derivative suit. However, since the matter was not addressed at trial or raised on appeal, we will review the case as presented.
Moity's first contention is that the trial court erred in allowing the tape of the last meeting of the Board of Directors and stockholders of Acadian into evidence. It is his contention that the tape was highly prejudicial. We disagree.
Our procedural rules require identification of the tape as a condition precedent to its admissability or to its contents admissability in evidence. Kidder v. Anderson, 345 So.2d 922 (La.App. 1st Cir.1977).[2] Eileen Manuel and Glenn Manuel both testified that the last meeting of the Board of directors was taped. Glenn, the president of Acadian, identified the tape. He further testified as to its contents. We find that the tape was properly identified, therefore it was a matter within the discretion of the trial judge to admit it into evidence. Tauzier v. Tauzier, 405 So.2d 1309 (La.App. 4th Cir.1981).
A review of the record revealed that Moity had an opportunity to listen to the tape prior to its introduction and further that he was able to cross-examine the witnesses concerning the contents of the tape. In view of the foregoing, we conclude that the trial court did not abuse its discretion in allowing the tape to be admitted into evidence.
Moity's second contention is that the trial court erred in admitting into evidence the photo-copies of various checks, deposit slips and financial summaries when the originals were readily available. This is, of course, correct. The best evidence rule requires that the originals must be produced, absent proof that they could not be located following a diligent effort. Wray Williams Display Co., etc. v. Finley, 391 So.2d 1253 (La.App. 1st Cir.1980). Writ denied, 396 So.2d 930 (La.1981). In this case, the originals are in defendants' files. However, we find the error to be harmless. Eileen Manuel, the bookkeeper for both Acadian and Grand Coteau, testified that she was the one who drafted the checks, deposit slips and financial summaries. She identified the copies as being true copies of the originals. Also, Moity did not offer anything to contradict the correctness of the photocopies introduced in evidence.
Finally, Moity contends that the testimony introduced was not sufficient to sustain the defendants' burden of proof to show that the dealings between Acadian and Grand Coteau were arms-length transactions. We disagree.
A review of the record reveals that Acadian and Grand Coteau had two different areas of specialty. Acadian was involved in building residential cabinets, whereas Grand Coteau built apartment cabinets. Eileen Manuel testified that the corporate books of Acadian & Grand Coteau were kept separate. Further, she stated that all transactions between the two corporations were recorded and that Acadian was reimbursed for all expenditures it incurred on behalf of Grand Coteau.
From our review of the record, we conclude that the jury's finding that the defendants had met their burden of proof is not clearly wrong. Soileau v. South Cent. Bell Tel. Co., 406 So.2d 182 (La.1981).
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Gayle Reed Manuel, owner of 25 shares of common stock of Acadian Woodworks, Inc., filed a petition of intervention. Subsequent to this filing, no action was taken by the intervenor.
[2] Kidder v. Anderson, 345 So.2d 922 (La.App. 1st Cir.1977) was reversed by the Supreme Court; however, the reversal was based on reasons not pertinent to this case. Kidder v. Anderson, 354 So.2d 1306 (La.1978).