YELVERTON, Judge.
Zeagler Lumber Company appeals a judgment for $18,872.97 in favor of Midway Forest Products, for two orders of lumber delivered in late 1983. At trial, Zeagler presented no evidence in its defense, relying entirely upon the weakness of the seller’s proof of delivery. This appeal argues the improper consideration by the trial judge of photocopies of signed delivery tickets, disregarding the availability of the original tickets, in violation of the best evidence rule. We find there was evidence independent of the delivery tickets sufficient to furnish the required corroboration of plaintiffs demand. The seller sustained its burden of proof relative to the two deliveries of lumber. The judgment is affirmed.
Two employees of Midway, Lloyd New-berry and Charles Newberry, testified that in October 1983 Midway filled two orders from Zeagler for lumber totaling $18,-872.97, and engaged a trucking company to deliver the orders. They testified that the invoices for these orders had never been paid.
Plaintiff’s remaining witness, Rick Wind-ham, testified that at the time of these orders and deliveries, he was employed by Zeagler, as its manager, and that it was he who had ordered the materials. He testified that the two orders were delivered, and that he remembered helping unload one of them. He stated that he checked the invoices against the orders and verified that the orders were received.
Windham identified his signature on photocopies of the delivery tickets. Zeagler objected to the admission into evidence of these copies, and Lloyd Newberry, president of Midway, said the originals were readily available and could be produced in court by the next day. The trial court overruled the objection and admitted the copies.
We agree with appellant that this was error. The best evidence rule requires that the originals must be produced, absent proof that they could not be located following a diligent effort. Wray Williams Display Co. v. Finley, 391 So.2d 1253 (La.App. 1st Cir.1980), writ denied, 396 So.2d 930 (La.1981). These originals could easily have been produced. The photocopies should not have been admitted into evidence.
However, the testimony of Mr. Windham, taken together with the testimony of plaintiff’s employees, furnishes a sound factual basis, independent of the signed invoices, to establish proof by a preponderance. His testimony clearly shows that he personally unloaded one delivery and that he was familiar with both invoices, and that he had received both and signed them verifying the materials had been received. Although he did not personally remember seeing and unloading the second truck, this does not prove the truck did not deliver the materials. The preponderance of the evidence shows that Zeagler received the materials and has not paid the balance owed on his account.
For these reasons the judgment is affirmed at appellant’s costs.
AFFIRMED.